## A03A0706. SMILEY v. THE STATE.
### (581 SE2d 310)

BLACKBURN, Presiding Judge.

Following a jury trial, Dale Jerome Smiley appeals his conviction for robbery, arguing that the trial court erred by (1) denying his motion for a directed verdict; (2) denying his motions for mistrial based on improper testimony regarding his prior plea negotiations; and (3) denying his motion for a mistrial based on the State's failure to provide proper notice of a custodial interview. For the reasons that follow, we affirm.

1. Smiley contends that the trial court should have granted his motion for a directed verdict on the count of armed robbery, arguing that there was no evidence that he had a weapon during the robbery. We disagree.

> A motion for a directed verdict of acquittal should be granted only when there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law; a challenge to the sufficiency of the evidence in connection with the denial of a directed verdict of acquittal is evaluated based on the standard set forth in Jackson v. Virginia.[1] We only address the sufficiency of the evidence, and we do not weigh the evidence or determine the credibility of the witnesses. As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, the jury's verdict will be upheld.

(Footnotes omitted.) Scott v. State.[2]

Viewed in this light, the evidence shows that in the early morning hours of December 12, 2000, Kevin Donahue called a taxi to take him home from a bar. Donahue had to share the cab with several other passengers, including Smiley. Donahue fell asleep and awoke to

[1] Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] Scott v. State, 251 Ga. App. 510, 511 (1) (554 SE2d 513) (2001).

find Smiley pulling him from the cab. Smiley beat Donahue, threatened him from behind with what he thought was a knife, and took his cash and wallet. The driver left Donahue lying by the side of the road. Donahue reported the incident, and the cab was quickly located, with Smiley still in it. After his arrest, Smiley admitted fighting with Donahue and taking his wallet. Smiley was indicted for armed robbery and convicted of robbery, a lesser included offense.

Smiley's contention that the trial court should have granted his motion for a directed verdict on armed robbery fails for two reasons. First, the motion was mooted when Smiley was convicted only of robbery. Even if the trial court had directed a verdict on armed robbery, the lesser included charge of robbery by intimidation, which does not require evidence of the use of a weapon (see OCGA § 16-8-40 (a)), would have still reached the jury. *Mills v. State.*[3]

Second, even if the motion had not been mooted, there was sufficient circumstantial evidence of a weapon to support the armed robbery charge. Donahue testified that, during the robbery, Smiley held a "cold object" against his neck from behind, and that when he reached for it, he cut his hand on it. Two police officers observed that Donahue's fingers had been cut by a sharp object. Donahue also testified that Smiley told him, "don't fight or I'll kill you." See *Terry v. State*[4] (conviction for armed robbery sustained though weapon was neither seen nor accurately described by victim).

2. Smiley contends that the trial court erred by denying his motion for mistrial, arguing that, on cross-examination, Donahue made an unsolicited and impermissible reference to Smiley's prior plea negotiations. We review a trial court's decision whether to grant a mistrial for abuse of discretion. *Whiteley v. State.*[5]

Immediately following this testimony and Smiley's corresponding motion for a mistrial, the trial court gave the jury a curative instruction, admonishing them to disregard Donahue's statement. Smiley's counsel did not renew his motion for mistrial or object to the curative instructions at that time. Therefore, Smiley failed to preserve this issue for appeal. See *Garcia v. State.*[6] Moreover, even if the argument had been preserved, abuse of the trial court's discretion to deny a mistrial will generally not be found when, as here, proper curative instructions are given to the jury. *Whiteley,* supra. We find no authority for Smiley's proposition that a witness's inadvertent disclosure of prior plea negotiations by the defendant, in response to a

---

[3] *Mills v. State,* 244 Ga. App. 28, 30 (535 SE2d 1) (2000).
[4] *Terry v. State,* 224 Ga. App. 157, 159 (480 SE2d 193) (1996).
[5] *Whiteley v. State,* 188 Ga. App. 129, 130 (372 SE2d 296) (1988).
[6] *Garcia v. State,* 207 Ga. App. 653 (428 SE2d 666) (1993).

question by *defense* counsel, per se requires a mistrial. See id. at 129-130.

3. Smiley contends the State violated discovery rules by failing to provide proper notice of a custodial interview, and that testimony by the officer about that interview should have resulted in a mistrial. A trial court's decision whether to take corrective action as a result of the State's discovery violations is reviewed for abuse of discretion. *Williams v. State.*[7]

Smiley waived his objection to this testimony, which was in any event harmless. Detective Charles Woodall testified during the trial that he interrogated Smiley the morning of the robbery. He recalled that during the interrogation, Smiley admitted fighting with Donahue and taking his wallet, but denied stealing his cash. Woodall had previously given the same testimony during a *Jackson-Denno* hearing. During cross-examination at trial, Smiley objected for the first time, arguing that the State had not provided notice of Smiley's statement in discovery. The State argued that it did not have to disclose the statement because it did not know about it. The trial court denied what it termed a motion for mistrial, noting that Smiley's statement was similar to a statement he made to another police officer that had been provided to Smiley.

As an initial matter, Smiley elected to proceed under the discovery provisions of OCGA § 17-16-1 et seq. and was entitled to notice of the challenged statement before evidence of it could be admitted. OCGA § 17-16-4 (a) (1) requires disclosure of custodial statements "within the possession, custody, or control of the state," including "any law enforcement agency involved in the investigation." OCGA § 17-16-1 (1). A statement in the possession of an investigating officer is deemed to be in the possession of the State, whether or not it is in the State's file, and the State is obliged to notify the defense of its existence. *Marshall v. State.*[8]

However, Smiley waived his right to object to testimony based on this statement. A "motion not made at the time the testimony objected to is given is not timely." (Punctuation omitted.) *Strozier v. State.*[9] Here, not only did Smiley fail to object to the testimony during direct examination, but he could have objected even earlier, at the *Jackson-Denno* hearing. We also note that, while Smiley objected, he did not seek a mistrial, even though the trial court denied his "motion." We generally will not grant more relief than was actually prayed for at trial. *Demetrios v. State.*[10]

---

[7] *Williams v. State*, 226 Ga. App. 313 (485 SE2d 837) (1997).
[8] *Marshall v. State*, 230 Ga. App. 116, 118 (495 SE2d 585) (1998).
[9] *Strozier v. State*, 254 Ga. App. 528, 529-530 (2) (562 SE2d 832) (2002).
[10] *Demetrios v. State*, 246 Ga. App. 506, 512 (541 SE2d 83) (2000).

Even if Smiley's objection had been properly preserved, any error from Woodall's testimony was harmless because the evidence was cumulative. *Al-Beti v. State.*[11] As the trial court pointed out, Smiley's statement to Woodall was substantially the same as another statement Smiley gave to a different officer, and that statement was properly admitted at trial. Under all these circumstances, the trial court did not abuse its discretion in failing to grant a mistrial.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED MARCH 13, 2003.

*John E. Pirkle*, for appellant.

*J. Thomas Durden, Jr.*, District Attorney, *Melissa L. Heifferon*, Assistant District Attorney, for appellee.

---

[11] *Al-Beti v. State*, 210 Ga. App. 312, 313 (436 SE2d 50) (1993).