A04A0855. HESTER v. THE STATE.
(601 SE2d 456)

BLACKBURN, Presiding Judge.

More than five years after her arrest on vehicular homicide and hit and run charges, Shirley Hester moved the court to dismiss the charges on the ground that her Sixth Amendment right to a speedy trial had been violated. Following a hearing, the trial court denied the

---

motion, which ruling Hester directly appeals.[1] We hold that the undisputed facts show that Hester's Sixth Amendment right to a speedy trial was violated, and we therefore reverse and direct the trial court to dismiss the charges.

The vast majority of the material facts in this case are undisputed. Accordingly, we review the trial court's application of the law to the undisputed facts de novo. *Vansant v. State.*[2]

In May 1998, Shirley Hester was arrested for vehicular homicide and hit-and-run offenses arising out of an April 1998 accident involving her vehicle and the death of a child. Not until three years later in April 2001 was she indicted on these charges. No evidence in the record suggests a reason for the delay; indeed, the police reports and notes reflect that the entire investigation took place in the first few months after April 1998.

Over the next two-and-one-half years following indictment, the case was repeatedly delayed and never appeared on a trial calendar. Although the case was noticed for arraignment hearings in July and September 2001, Hester did not appear at these hearings since the court clerk sent the notices to an incorrect address. Hester had not moved from her residence where she lived at the time of her arrest, and not only did the police and the district attorney have the correct address throughout their files, but the correct address was also reflected in the court file in several search warrants. Because of the notice problems, the trial court refused to issue a bench warrant for Hester's absence from the two hearings. In September 2001, the district attorney corrected the address in the court file, and notice for an early October 2001 hearing was properly given, which Hester attended and during which she was appointed counsel. The case was reset to October 18, but the prosecutor failed to appear. The case was later placed on calendars in November and December 2001, but the court failed to notify Hester, and she did not appear.

The case was then reassigned to a newly-appointed trial judge and did not appear on his case management calendar until June 2002. For unknown reasons, the court at the June hearing continued the case for three months. The case appeared on a November 2002 calendar and was continued for four months due to Hester being quite ill. The case appeared on a March 2003 calendar and was continued again for unknown reasons. Other than the illness continuance, no evidence suggested that Hester requested any of the continuances.

The case appeared on two May 2003 calendars and was continued each time. On May 30, Hester filed a demand for a speedy trial.

---

[1] See generally *Mayfield v. State*, 264 Ga. App. 551, 552-555 (593 SE2d 851) (2003).

[2] *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

The court entered a scheduling order in June 2003, ordering that all discovery be completed by July 3 and that all motions be filed by July 10. The State did not complete discovery by July 3, and during July through September the court held hearings in which the State eventually complied with most of its discovery obligations. On July 10, 2003, Hester moved to dismiss the charges on the ground that her Sixth Amendment right to a speedy trial had been violated.

At a hearing on September 9, 2003 (over 63 months after Hester's May 18, 1998 arrest), Hester argued her motion to dismiss and presented evidence concerning the matter. Hester showed that a key eyewitness had died, who had made a statement that the driver of the hit-and-run vehicle looked markedly different from Hester. The State conceded that with regard to this witness, Hester had investigated the matter diligently. Hester also presented some evidence of a decline in her life since the arrest.

The court denied the motion, finding that Hester delayed in asserting her Sixth Amendment right to a speedy trial and that the more than five-year delay did not prejudice her defense or cause her undue anxiety. The court indicated that since the deceased witness had given a statement, his testimony had been preserved for trial. Hester appeals this ruling.

Hester contends that the trial court erred in denying her motion to dismiss that asserted the denial of her Sixth Amendment right to a speedy trial. "The trial court's decision with regard to such motion will not be reversed unless an abuse of discretion is shown." (Footnote omitted.) *Callaway v. State*.[3] "However, where, as in this case, the trial court has clearly erred in some of its findings of fact and/or has misapplied the law to some degree, the deference owed the trial court's ultimate ruling is diminished." *Williams v. State*.[4] We hold that the trial court abused its discretion here.

The relevant criteria for determining a motion to dismiss on constitutional speedy trial grounds are set forth below.

> In *Barker v. Wingo*,[5] the Supreme Court of the United States identified four factors to be considered by a court in determining whether an accused's constitutional right to a speedy trial had been violated[:] (a) the length of the delay, (b) the reason for the delay, (c) the defendant's assertion of his right, and (d) the prejudice to the defendant. The Supreme Court further stated that it regarded none of the factors as either a

---

[3] *Callaway v. State*, 258 Ga. App. 118, 121 (572 SE2d 751) (2002).
[4] *Williams v. State*, 277 Ga. 598, 601 (1) (e) (592 SE2d 848) (2004).
[5] *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972).

necessary or sufficient condition to a finding of a deprivation of the right of speedy trial but rather that the factors should be considered together in a balancing test of the conduct of the prosecution and the defendant. As to the prejudice factor, there are three interests which the speedy trial right was designed to protect, the last being the most important: (a) to prevent oppressive pre-trial incarceration; (b) to minimize anxiety and concern of the accused; and (c) to limit the possibility that the defense will be impaired.

(Citations and punctuation omitted.) *Boseman v. State.*[6]

1. *Length of delay*: "The relevant time period in a speedy trial claim begins with the *earlier* of the date of indictment and the date of arrest." (Citation omitted; emphasis in original.) *Williams*, supra at 599 (1) (a). We agree with the trial court's finding that the more than five-year delay between Hester's arrest and any possible trial date is presumptively prejudicial and requires the consideration of the remaining factors in the *Barker* balancing test. Id. See *Barker*, supra at 533 (V) (over five years between arrest and trial is extraordinary).

2. *Reason for delay*: "At the outset, we note that nowhere in the record does it show that the State has deliberately attempted to delay the trial in order to hamper the defense, a serious abuse that would be weighted against the State." *Boseman*, supra at 732 (1) (b). Nevertheless, there is no explanation in the record for the three-year delay in seeking an indictment. "Where no reason appears for a delay, we must treat the delay as caused by the negligence of the State in bringing the case to trial." Id. at 733 (1) (b).

The two-year-and-four-month delay between indictment and even the possibility of trial must be attributed to the State, excepting the four months attributed to Hester's illness. The remaining two years of delay were due in part to the failure of the prosecutor to appear for a hearing, to unexplained continuances, and to the reassignment of the case to a newly-appointed trial judge. Since the primary burden is *on the prosecutor and the court* — not the defendant — to bring the case to trial, these two years are added to the three years to equal five years of delay, all of which count against the State. See *Perry v. Mitchell*,[7] where the Supreme Court, in addressing a two-year delay, held that such an unintentional delay "is a relatively benign but definitely negative factor" weighed against the State. Id. at 595. While a five-year delay may be unintentional, it is certainly not benign.

---

[6] *Boseman v. State*, 263 Ga. 730, 731-732 (1) (438 SE2d 626) (1994).
[7] *Perry v. Mitchell*, 253 Ga. 593, 594 (322 SE2d 273) (1984).

The trial court concluded that Hester was at fault for some of the two-year post-indictment delay when it found that Hester missed the first two arraignment hearings because she failed to keep the court apprised as to her whereabouts. No evidence supports this finding, as Hester had never moved from her residence from the time of her arrest, the court records reflected her accurate residential address, and the State knew her accurate address throughout the relevant time period. Thus, there was nothing for Hester to update.

The trial court also concluded that Hester brought some of the delay on herself when she repeatedly complained about the State not having produced all the discovery documents and materials required by court order and by law. The State's undisputed failure to produce materials and witness statements contained in police files to Hester caused this delay, not Hester's assertion of her rights. Material in the possession of an investigating law enforcement agency is deemed to be in the possession of the State, whether or not it is in the prosecutor's file. *Smiley v. State*.[8] Thus, the trial court erred when it attributed the delay to Hester, since Hester can hardly be faulted for demanding that the State comply with its discovery obligations before trial began.

3. *Assertion of right*: "Because a defendant may benefit by delaying a trial, this Court has recognized that a defendant has a responsibility to assert his right to a speedy trial." (Citation and punctuation omitted.) *Mayfield*, supra at 557 (1). Hester first asserted her right to a speedy trial on May 30, 2003, more than five years after her arrest, and thus normally this factor would be weighed *heavily* against Hester. Id. Nevertheless, because of mitigating factors, the trial court erred in weighing this factor *heavily* against Hester. Hester was not appointed counsel until her first court appearance in October 2001, which was long after her statutory right to demand a speedy trial had expired. Under OCGA § 17-7-170 (a), a defendant must assert her statutory right to a speedy trial at the court term at which the indictment is filed or at the next succeeding regular court term thereafter. Since the indictment here was filed April 13, 2001, it occurred during the March term of Fulton Superior Court.[9] The succeeding May and July terms expired before Hester's first court appearance in October and thus before the corresponding appointment of counsel. See id. By then, it was far too late to assert the statutory right to a speedy trial.

---

[8] *Smiley v. State*, 260 Ga. App. 283, 285 (3) (581 SE2d 310) (2003).

[9] See OCGA § 15-6-3 (3).

We recognize that regardless of the procedures mandated for a statutory demand for speedy trial, a defendant has the right to assert a constitutional speedy trial demand any time after arrest. *State v. Hight*.[10] See *Collingsworth v. State*.[11] Thus, the trial court was correct in weighing Hester's delay in doing so against her, *but not in weighing such heavily*. This delay in Hester's asserting her right to a speedy trial was mitigated by the State's failure to bring an indictment for three years and then by the delay in appointing counsel for Hester until the time for demanding a statutory speedy trial had run. Since the filing of a speedy trial demand is not a prerequisite for a plea in bar for failure to have a speedy trial on constitutional grounds, *State v. Allgood*,[12] and since Hester's counsel filed a demand within months after being appointed, the trial court erred in failing to mitigate this factor in the balancing process. It could not be weighed heavily against Hester.

4. *Prejudice to the defendant*: In this factor, we consider the three interests of Hester which the speedy trial right was designed to protect: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." (Footnote omitted.) *Barker*, supra at 532 (IV). "Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system. If witnesses die or disappear during a delay, the prejudice is obvious." Id.

Lengthy pretrial incarceration was not an issue, and the trial court did not abuse its discretion in discounting Hester's testimony and evidence about her anxiety, as such evidence was disputed and equivocal. For two reasons, however, the trial court did err in finding against Hester on the most important factor — whether Hester's defense was impaired by the delay.

First, the extraordinary five-year length of the delay raised the presumption of actual prejudice and thus did not require Hester to make a specific showing of prejudice. As stated in *Doggett v. United States*:[13]

> [I]mpairment of one's defense is the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony can rarely be shown. And though time can tilt the case against either side, one

---

[10] *State v. Hight*, 156 Ga. App. 246, 247 (274 SE2d 638) (1980).

[11] *Collingsworth v. State*, 224 Ga. App. 363, 365 (1) (480 SE2d 370) (1997).

[12] *State v. Allgood*, 252 Ga. App. 638, 640 (3) (556 SE2d 857) (2001).

[13] *Doggett v. United States*, 505 U. S. 647, 655-656 (III) (A) (112 SC 2686, 120 LE2d 520) (1992).

cannot generally be sure which of them it has prejudiced more severely. Thus, we generally have to recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify. While such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria, it is part of the mix of relevant facts, and its importance increases with the length of delay.

(Citations and punctuation omitted.) Thus, *Doggett* reversed the lower court's ruling that required a showing of actual, particularized prejudice where the delay was eight-and-one-half years after indictment. Id. at 657-658 (III) (B).

Based on *Doggett*, the Supreme Court of Georgia has held that "greater pretrial delays simultaneously increase the degree of prejudice presumed and decrease the expectation that the defendant can demonstrate tangible prejudice to his or her ability to present a defense." *Williams*, supra at 601 (1) (d). Thus, *Williams* concluded that a five-year delay in bringing an indictment to trial raised a presumption of actual prejudice. Id. at 600-601 (1) (d). See *State v. Johnson*;[14] compare *Johnson v. State*[15] ("a 21-month delay is insufficient to raise an inference of actual prejudice").

Second, even though the extraordinary five-year delay did not require her to do so, Hester nevertheless made a specific showing of actual prejudice. The undisputed evidence here showed that an exculpatory witness — who would have described a completely different person as having driven Hester's car at the time of the accident — had died during the delay. In such circumstances, the United States Supreme Court has stated that "the prejudice is obvious." *Barker*, supra at 532 (IV). See *State v. Redding*.[16] The trial court discounted this showing, explaining that the witness's statement had been preserved in writing and could be introduced as hearsay evidence. But this ignores the dry impact of such written testimony as compared to the powerful impact of a live witness testifying from the stand with the jury able to determine the witness's demeanor and credibility.

Accordingly, the trial court clearly erred in finding that Hester failed to make a showing of prejudice. Since three of the four factors weighed in favor of Hester, with only one against her (and then not heavily), we hold that the trial court abused its discretion in denying

---

[14] *State v. Johnson*, 274 Ga. 511, 514-515 (4) (555 SE2d 710) (2001).

[15] *Johnson v. State*, 268 Ga. 416, 418 (2) (490 SE2d 91) (1997).

[16] *State v. Redding*, 274 Ga. 831, 834 (561 SE2d 79) (2002).

Hester's motion to dismiss on speedy trial grounds. We therefore reverse the trial court's ruling and direct the trial court to dismiss the charges against Hester.

*Judgment reversed. Barnes and Mikell, JJ., concur.*

DECIDED JUNE 24, 2004 — 

*John W. Kraus*, for appellant.
*Paul L. Howard, Jr., District Attorney, Alvera A. Wheeler, Assistant District Attorney*, for appellee.