### A05A1010. NUSSER v. THE STATE.
(622 SE2d 105)

BERNES, Judge.

This is an appeal from the denial of Robert Aaron Nusser's motion for discharge and acquittal on constitutional speedy trial grounds. For the reasons set forth below, we conclude that the trial court did not abuse its discretion in denying Nusser's motion.

The record reflects that in the early morning of October 27, 2001, an officer with the Georgia Tech Police Department arrested Nusser for the offenses of driving under the influence of alcohol (OCGA § 40-6-391), failure to maintain lane (OCGA § 40-6-48), and no county decal (OCGA § 40-2-8 (c)). Nusser was released on bond later that same day.

On April 29, 2003, the Fulton County Solicitor-General filed an accusation against Nusser in the State Court of Fulton County. Nusser's arraignment was set for September 5, 2003. Shortly before the arraignment, Nusser filed several motions in limine and requested a jury trial on the charged offenses.

---

Trial subsequently was scheduled for March 15, 2004. After receiving notice of the trial date, Nusser filed his motion for discharge and acquittal on constitutional speedy trial grounds on February 26, 2004.[1]

The trial court proceeded with Nusser's motion on the date of trial. The trial court entertained oral argument from the parties, heard testimony from Nusser, and reviewed medical records submitted by Nusser. The trial court found that Nusser had failed to make a demand for a speedy trial in a sufficiently timely manner and failed to show any prejudice resulting from the delay between his arrest and trial. Based on these findings, the trial court held that the facts weighed in favor of concluding that Nusser's constitutional right to a speedy trial had not been violated. The trial court thus denied Nusser's motion, and Nusser thereafter filed this direct appeal.[2]

Nusser argues that he has been denied his constitutional right to a speedy trial under Art. I, Sec. I, Par. XI of the Georgia Constitution and under the Sixth Amendment to the United States Constitution. "We examine this claim under the four-part test of *Barker v. Wingo,* 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), considering (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) the prejudice to the defendant. See *Brown v. State,* 264 Ga. 803, 804 (2) (450 SE2d 821) (1994)." *Johnson v. State,* 268 Ga. 416, 417 (2) (490 SE2d 91) (1997).[3] "[T]he factors should be considered together in a balancing test of the conduct of the prosecution and the defendant." (Citations and punctuation omitted.) *Nairon v. State,* 215 Ga. App. 76 (1) (449 SE2d 634) (1994). Absent an abuse of discretion, we must affirm the trial court's balancing and weighing of the four *Barker* factors. *State v. Sutton,* 273 Ga. App. 84, 85 (614 SE2d 206) (2005). Guided by these principles,.we turn to an analysis of the four factors in this case.

*The length of the delay.* As a general rule, any delay approaching a year raises a threshold presumption of prejudice. *Doggett v. United States,* 505 U. S. 647, 652 (II), n. 1 (112 SC 2686, 120 LE2d 520) (1992); *State v. Bazemore,* 249 Ga. App. 584, 585 (1) (a) (549 SE2d 426) (2001). Because the delay in this case was approximately 29 months from Nusser's arrest to the date of his scheduled trial, the trial court correctly concluded that the delay was presumptively prejudicial and weighed this factor in favor of Nusser.

---

[1] Nusser did not make a statutory demand for speedy trial pursuant to OCGA § 17-7-170 (a).

[2] "[A] defendant may directly appeal from the pre-trial denial of either a constitutional or statutory speedy trial claim." *Callaway v. State,* 275 Ga. 332, 333 (567 SE2d 13) (2002).

[3] "The same speedy trial standards apply to claims under the Georgia and United States Constitutions." (Citation omitted.) *Nairon v. State,* 215 Ga. App. 76 (1) (449 SE2d 634) (1994).

*The reason for the delay.* The trial court concluded that this factor weighed in favor of Nusser, given that the only explanation provided for the delay was the high volume of cases routinely handled by the State Court of Fulton County. There is no evidence in the record that Nusser or the State sought any continuances, or that the State deliberately attempted to delay the case. Rather, at the pre-trial hearing on Nusser's motion, the State indicated that the delay involved in this case "unfortunately" was not "unusual" given the caseload levels maintained by the Fulton County courts.[4] When the delay is caused by the State's negligence or by an overcrowded court system, a trial court is entitled to weigh that fact against the government, as the trial court did here. *Barker*, 407 U. S. at 531 (IV); *Lett v. State*, 164 Ga. App. 584, 585 (2) (298 SE2d 541) (1982).

*The defendant's assertion of the right.* The trial court weighed the third *Barker* factor in favor of the State based on its finding that Nusser had failed to make a demand for a speedy trial in a timely manner. "[W]hile the state has a duty to bring [the defendant] to speedy trial, the defendant has a responsibility to assert that right." *State v. Lively*, 155 Ga. App. 402, 405 (270 SE2d 812) (1980). Even though a defendant is not procedurally barred from raising a constitutional speedy trial claim at any time up to the point of trial,[5] a defendant's failure to assert his claim in a timely manner can be weighed heavily against him as part of the *Barker* analysis. *Bass v. State*, 275 Ga. App. 259 (620 SE2d 184) (2005). Here, Nusser did not assert his right to a speedy trial until he filed his motion for discharge and acquittal on February 26, 2004, approximately 20 days before trial. "Because [Nusser] did not assert his constitutional rights until trial was imminent," we conclude that the trial court was authorized to weigh this factor in favor of the State. *Thomas v. State*, 233 Ga. App. 224, 226 (2) (504 SE2d 59) (1998). See also *Bass*, 275 Ga. App. at 260-261 (3) (failure to assert constitutional speedy trial right "until it appeared certain the case would be tried" weighed against defendant).

Nusser argues that the trial court failed to take account of the procedural history of the case as a whole in weighing this factor against him. Specifically, Nusser notes that the State failed to file an

---

[4] At the pre-trial hearing, the State suggested that Nusser was in part responsible for the delay because his trial counsel had made two requests for leaves of absence, once in August 2003 and again in November 2003. However, neither request is contained in the record on appeal, and there is nothing in the record that indicates whether the requests were even granted. Furthermore, even assuming the requests were granted, the State presented no evidence as to the length of the granted absences or as to how they caused a delay in the setting of the trial date.

[5] See *Callaway v. State*, 251 Ga. App. 11, 16 (553 SE2d 314) (2001), rev'd on other grounds, 275 Ga. 332 (567 SE2d 13) (2002).

accusation against him for 18 months after his arrest. He contends that, as a result, he was unable to assert his right to a speedy trial during that period, apparently based on the assumption that the constitutional right to a speedy trial cannot be asserted until a defendant has been indicted or accused. Nusser also contends that he did not receive any notice that an accusation had been filed until he later received notice of the arraignment date, and that, consequently, he was procedurally barred from making a speedy trial demand under OCGA § 17-7-170 (a).[6]

We find Nusser's contentions unpersuasive. Nusser has conflated his ability to assert his *statutory* speedy trial right under OCGA § 17-7-170 with his ability to assert his *constitutional* speedy trial right. "Unlike the statutory protections conferred by OCGA [ § ] 17-7-170 . . . that attach with formal indictment or accusation," a defendant's constitutional speedy trial right "attaches upon arrest and can be asserted thereafter." *Smith v. State*, 266 Ga. App. 529, 532 (3) (597 SE2d 414) (2004). See also *Collingsworth v. State*, 224 Ga. App. 363, 365-366 (1) (480 SE2d 370) (1997); *State v. Hight*, 156 Ga. App. 246, 247 (274 SE2d 638) (1980). Likewise, the procedural bar created by the specific time deadlines found in the speedy trial statute do not apply to constitutional claims. See *Callaway*, 251 Ga. App. at 16. Hence, Nusser's contention that he could not have asserted his constitutional speedy trial right until after he was accused, and his assertion that he was procedurally barred from asserting his constitutional right by the time he received notice of the accusation, are simply incorrect. Nusser had ample time to assert his constitutional right to a speedy trial before his trial became imminent.

Additionally, Nusser argues that the trial court erred in weighing the third *Barker* factor against him because his demand for a jury trial, which was made approximately six months before the trial date, should have been treated by the trial court as the date upon which he asserted his constitutional right to a speedy trial. We disagree. "[A] demand for a jury trial . . . does not invoke either a constitutional or statutory right to a speedy trial." (Citations omitted.) *State v. Johnson*, 274 Ga. 511, 513 (3) (555 SE2d 710) (2001). See also *State v. Story*, 209 Ga. App. 404, 406 (433 SE2d 599) (1993).

---

[6] Under OCGA § 17-7-170 (a), a defendant must make a statutory demand for a speedy trial within the court term during which the accusation is filed or in the next succeeding regular court term. "The State Court of Fulton County has six terms of court each year which commence on the first Monday of the following months: January, March, May, July, September, and November. OCGA § 15-7-40; *Price v. State*, 245 Ga. App. 128 (535 SE2d 766) (2000)." *State v. Dodge*, 251 Ga. App. 361 (553 SE2d 831) (2001). The State filed its accusation against Nusser in the March 2003 term of court. Nusser claims that he did not receive notice of the accusation until the July 2003 term of court. Thus, Nusser could not have filed a statutory speedy trial demand without special permission of the trial court. OCGA § 17-7-170 (a).

*The prejudice to the defendant.* Finding that Nusser failed to show any prejudice resulting from the delay between his arrest and trial date, the trial court weighed the fourth *Barker* factor in favor of the State. We find no error by the trial court. "The test for whether a defendant has been prejudiced requires the court to consider three interests: preventing oppressive pretrial incarceration, minimizing a defendant's anxiety and concern, and limiting the possibility that the defense will be impaired." (Footnote omitted.) *Beasley v. State*, 260 Ga. App. 74, 76 (d) (579 SE2d 19) (2003). The most important component of the prejudice analysis is whether the defendant's ability to raise a defense was impaired by the delay. *Bass*, 260 Ga. App. at 261 (4).

As an initial matter, there was no concern of oppressive pre-trial incarceration caused by the delay in this case because Nusser was released on bond on the same date he was arrested. See *Nelloms v. State*, 274 Ga. 179, 181 (549 SE2d 381) (2001). Nor did Nusser make a showing of any unusual anxiety and concern caused by the delay. "Anxiety and concern of the accused are always present to some extent, and thus absent some unusual showing are not likely to be determinative in defendant's favor." (Citation and punctuation omitted.) *Mullinax v. State*, 273 Ga. 756, 759 (2) (545 SE2d 891) (2001).

Nusser's testimony that the delay had negative effects on his employment and ability to drive to work and school did not constitute an "unusual showing" of anxiety and concern under the circumstances of this case. Nusser admitted that he lost his job the weekend after his arrest, which contradicted his claim that his employment problems were caused by any delay in the proceedings. Furthermore, Nusser testified that he is currently employed and that he had at least one other job opportunity since his arrest but that he declined to accept it because it paid less. Finally, Nusser testified that although his physical driver's license was taken from him at the time of his arrest, his license was not suspended and he could continue to legally drive even after the arrest using the documentation provided to him by the arresting officer. Thus, Nusser was unable to show that the delay in the case caused him to lose his employment or his ability to drive to work or school.

Finally, Nusser has failed to show that his defense was impaired by the delay. Nusser argued that the delay in proceedings caused him to lose the ability to present eyewitness testimony from the medical doctor who examined him on the date of his arrest. The trial court rejected Nusser's argument, finding that the medical records written by Dr. Stansby containing his diagnostic observations of Nusser's physical condition and his conclusions based thereon were sufficient to stand in the place of live testimony from the doctor, so long as the

State was willing to stipulate to the admission of the contents of the records as substantive evidence at trial.[7]

On appeal, the State emphasizes that it has not objected to the admission of the medical records and goes on to explicitly concede that the diagnostic observations and conclusions contained in the medical records constitute admissible substantive evidence. Thus, the State has waived any objection to the admission of the records at trial. See, e.g., *Isaacs v. Williams Bros., Inc.*, 195 Ga. App. 812, 814 (4) (395 SE2d 11) (1990); *Watkins v. State*, 191 Ga. App. 87, 91 (7) (381 SE2d 45) (1989).[8] Accordingly, our inquiry is limited to analyzing the medical records to determine whether their content is adequate to stand in the place of live testimony from Dr. Stansby.

Significantly, however, the medical records were not included in the record on appeal in this case.

> It is a well-established appellate rule that the burden is on the appellant to show error by the record, and when a portion of the evidence bearing upon the issue raised by the enumeration of error is not brought up so that this court can make its determination from a consideration of it all, an affirmance as to that issue must result.

(Citation and punctuation omitted.) *Ross v. State*, 195 Ga. App. 624, 626 (3) (394 SE2d 418) (1990). See also *Evans v. State*, 233 Ga. App. 879, 880 (2) (506 SE2d 169) (1998). Therefore, we are constrained to conclude that the trial court properly found that Nusser's defense was not impaired by his inability to call Dr. Stansby as a live witness, in light of the medical records available to Nusser for use at trial.

---

[7] See *Nelloms*, 274 Ga. at 181 (defense not impaired by delay even though defense could no longer locate three witnesses to testify at trial, when State's stipulation allowed defense to introduce the same underlying facts by other means). See also *Hughes v. State*, 228 Ga. 593, 595-596 (1) (c) (187 SE2d 135) (1972) (no impairment caused by fact that certain witnesses had died during delay in the proceedings, when their testimony would have been cumulative of other evidence introduced at trial); *Lively*, 155 Ga. App. at 405-406 (same).

[8] Citing *Dennis v. Adcock*, 138 Ga. App. 425 (226 SE2d 292) (1976), Nusser contends that even if the State waives any objection it might have to the admission of the medical records, Dr. Stansby's conclusions contained therein nevertheless cannot be admitted into evidence without the doctor's own expert testimony. We disagree. In *Dennis*, we stated:

> If a hospital record contains diagnostic opinions and conclusions, it cannot, *upon proper objection*, be admitted into evidence unless and until the proper foundation is laid, i.e., the person who entered such diagnostic opinions and conclusions upon the record must qualify as an expert and relate the facts upon which the entry was based.

(Citations and punctuation omitted; emphasis supplied.) Id. at 428 (2). Nothing in *Dennis* suggests that an objection to the admission of the physician's conclusions on the ground of improper foundation cannot be waived. See, e.g., *Wabash Life Ins. Co. v. Jones*, 147 Ga. App. 254, 255-256 (2) (a) (248 SE2d 536) (1978) (discussing *Dennis* and holding that party waived its objection to conclusions contained in autopsy report by failing to raise the proper objection).

*Balancing of the four factors.* In sum, the trial court weighed the first and second *Barker* factors in favor of Nusser, weighed the third and fourth factors in favor of the State, and then concluded that on balance the facts weighed in favor of the conclusion that Nusser's constitutional speedy trial right had not been violated. None of the four factors is "either a necessary or sufficient condition to a finding of a deprivation of the right of speedy trial," and the trial court is afforded discretion in how it balances and weighs the factors together. (Citations and punctuation omitted.) *Nairon*, 215 Ga. App. at 76 (1).

Given that Nusser waited until trial was imminent to assert his constitutional speedy trial right and failed to show any prejudice resulting from the 29-month delay between his arrest and trial date, we conclude that the trial court did not abuse its discretion in concluding that Nusser failed to show a constitutional violation. See *Nelloms*, 274 Ga. at 180-181 (although first two *Barker* factors weighed in favor of defendant, trial court was entitled to deny defendant's constitutional speedy trial claim when defendant delayed in asserting his right and could show no prejudice resulting from the delay); *Johnson*, 268 Ga. at 417-418 (2) (same). This is particularly true where, as here, there is no evidence that the delay was the result of a deliberate attempt by the State to hamper the defense. See id. Accordingly, we affirm the trial court's denial of Nusser's motion for discharge and acquittal.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED OCTOBER 18, 2005.

*Marny J. Heit*, for appellant.

*Carmen D. Smith, Solicitor-General, Charles B. Hess, Jody L. Peskin, Assistant Solicitors-General*, for appellee.