## A06A0750. HARDEMAN v. THE STATE.

(633 SE2d 595)

SMITH, Presiding Judge.

Victor Hardeman moved to dismiss the indictment against him, asserting that his constitutional right to a speedy trial had been violated. His motion was denied, and he appeals. We agree with Hardeman that his motion should have been granted, and we reverse.

The record shows that on December 20, 2001, Fulton County police officers discovered a large amount of suspected cocaine in a house located in a wooded area that one witness referred to as a "ranch." Numerous individuals ran from the area when the police arrived, and one officer shot a dog that attacked him. Officers apprehended several of the persons who fled, including Hardeman.

Hardeman was not formally arrested until February 21, 2002.[1] A Fulton County grand jury subsequently indicted him for trafficking in cocaine on March 22, 2002. Hardeman did not file a demand for trial under OCGA § 17-7-170. When trial had not occurred by September 2, 2003, however, he moved to bar the trial on the ground that his constitutional right to a speedy trial had been violated. The trial court held a hearing on Hardeman's speedy trial motion on March 31, 2004.

At the hearing, Hardeman offered evidence that a witness he had intended to call at trial, Jawan Mosley, committed suicide in November 2003. To show that this witness would have provided material testimony, Hardeman called Mosley's brother to testify about a conversation the brother had with Mosley following Hardeman's arrest. According to Mosley's brother, Mosley told him that, on the day officers found the cocaine, Mosley and Hardeman were riding horses on the ranch. As they returned to the house to put the horses

---

[1] Immediately following the December 20, 2001 incident, Fulton County police apparently turned Hardeman over to Gwinnett County authorities because of an outstanding Gwinnett County warrant. He was not arrested on the Fulton County charge until his release from Gwinnett County custody.

away, they heard gunshots. Both men jumped off their horses and ran, and Mosley left in his car. Mosley also told his brother that Hardeman could not have been involved in illegal activity because "they were riding horses, they met together, they were riding together, they came back in [and] they only split once they heard gunfire."

Asserting that he was prejudiced by the State's delay in bringing the case to trial, Hardeman argued that Mosley's lost testimony would have helped him explain why he was on the property and why he ran from the area. In response, the State offered to present Mosley's testimony to the jury through stipulation. In an order dated March 31, 2004, the trial court denied Hardeman's motion to bar trial, finding, among other things, that Hardeman had not shown any prejudice from the delay because the State offered to stipulate to Mosley's testimony and such testimony, which placed Hardeman at the scene, was not material to his defense.

When ruling on a defendant's motion to dismiss for violation of the constitutional right to a speedy trial, a trial court must consider four factors: " '(1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) the prejudice to the defendant.' " (Citations and footnote omitted.) *Nusser v. State*, 275 Ga. App. 896, 897 (622 SE2d 105) (2005). These factors must be analyzed " 'together in a balancing test of the conduct of the prosecution and the defendant.' " (Citation omitted.) Id. We will not reverse a trial court's ruling on a constitutional speedy trial claim absent an abuse of discretion. See id. But when " 'the trial court has clearly erred in some of its findings of fact and/or has misapplied the law to some degree, the deference owed the trial court's ultimate ruling is diminished.' " (Citations and footnote omitted.) *Hester v. State*, 268 Ga. App. 94, 96 (601 SE2d 456) (2004).

1. *Length of delay.* "The relevant time period in a speedy trial claim begins with the *earlier* of the date of indictment and the date of arrest." (Citation omitted; emphasis in original.) *Williams v. State*, 277 Ga. 598, 599 (1) (a) (592 SE2d 848) (2004). The record shows that Hardeman was arrested on February 21, 2002. He filed his constitutional speedy trial claim over eighteen months later, and the trial court did not rule on that claim for another seven months. Approximately 25 months elapsed, therefore, between Hardeman's arrest and the denial of his speedy trial motion. The State conceded, and the trial court found, that the delay here was presumptively prejudicial, triggering an analysis of the remaining three factors. "As a general rule, any delay approaching a year raises a threshold presumption of prejudice. [Cits.]" *Nusser*, supra, 275 Ga. App. at 897. The trial court did not abuse its discretion with respect to this factor.

2. *The reason for the delay.* No allegation is made that Hardeman caused the delay. In fact, the prosecution asserted at the speedy trial hearing that the delay was "strictly a matter . . . of the court's docket." And the trial court noted that the delay resulted from the manner in which the court prioritizes its cases. According to the trial court, because Hardeman had bonded out of jail pending trial, the case did not receive the same priority as one in which the defendant is in jail, awaiting trial. The trial court further concluded that the State was not responsible for the delay.

The record shows that the trial court did not weight this factor, to any extent, against the State. But "the primary burden is *on the prosecutor and the court* — not the defendant — to bring the case to trial." (Emphasis in original.) *Hester*, supra, 268 Ga. App. at 97 (2). Although a delay caused by an overcrowded docket is relatively neutral or benign, it still must be weighted against the State " 'since the ultimate responsibility for such circumstance[ ] . . . rest[s] with the government rather than with the defendant.' " (Citations omitted.) *Lett v. State*, 164 Ga. App. 584, 585 (2) (298 SE2d 541) (1982). See also *State v. Redding*, 274 Ga. 831, 833 (561 SE2d 79) (2002); *State v. Johnson*, 274 Ga. 511, 513 (2) (555 SE2d 710) (2001); *Hester*, supra, 268 Ga. App. at 97-98. The trial court therefore abused its discretion in failing to weight this factor properly.

3. *Assertion of the right.* "Because a defendant may benefit by delaying a trial, this Court has recognized that a defendant has a responsibility to assert his right to a speedy trial." (Citation and punctuation omitted.) *Hester*, supra, 268 Ga. App. at 98 (3). Noting that Hardeman never filed a statutory speedy trial demand and waited 18 months to assert his constitutional right to a speedy trial, the trial court weighted this factor against him. This conclusion was authorized. As recently found by our Supreme Court, an 18-month delay in demanding a speedy trial may be factored against the defendant. *Jackson v. State*, 272 Ga. 782, 787 (534 SE2d 796) (2000).

4. *Prejudice.* In evaluating this factor, a court must consider three interests protected by the right to a speedy trial: "preventing oppressive pretrial incarceration, minimizing anxiety and concern of the defendant, and, most importantly, limiting the possibility that the defense will be impaired." (Citation omitted.) *Nelloms v. State*, 274 Ga. 179, 181 (549 SE2d 381) (2001). The trial court correctly found no evidence of oppressive pretrial incarceration, given that Hardeman was released on bond shortly after his arrest. See id. Hardeman also made no showing of any specific anxiety or concern resulting from the delay. See id. Instead, he relies on the third consideration — prejudice to his defense based upon Mosley's death.

The trial court rejected Hardeman's prejudice claim, characterizing this evidence as "not necessarily material to the defense"

because it would have shown that Hardeman was on the premises at the time of the offense and did not provide Hardeman with an alibi. We agree that Mosley would not have been an alibi witness; he did not place Hardeman at another location at the time of the offense. But Hardeman never claimed he was not present. An alibi witness would have been inappropriate; any alibi would have conflicted with the obvious and incontrovertible fact that Hardeman was arrested on the premises. The missing witness would have provided evidence, however, that in this case was far superior to an alibi. The testimony would have lent credence to Hardeman's claim that although he was present, he was there for an entirely innocent purpose and was not involved in the illegal activity discovered by the police. It is inconceivable that this evidence would not have been material. The testimony was exculpatory if believed; it went to the heart of the defense: that Hardeman was merely present at the scene. "Evidence of mere presence at the scene of the crime, and nothing more to show participation of a defendant in the illegal act, is insufficient to support a conviction." (Citations omitted.) *Hodges v. State*, 277 Ga. App. 174 (626 SE2d 133) (2006).

The trial court also noted that the State had agreed to present Mosley's testimony to the jury through a stipulation. But "[i]f witnesses die or disappear during a delay, the prejudice is obvious." (Citation and punctuation omitted.) *Redding*, supra, 274 Ga. at 834. A written statement or stipulation does not always alleviate the prejudice associated with a witness's death. See *Hester*, supra, 268 Ga. App. at 100 (4). In *Hester*, we noted the difference between "the dry impact of . . . written testimony" and "the powerful impact of a live witness testifying from the stand." Id.

We recognize that in several cases, the introduction of a statement or stipulation in lieu of live testimony has been found to cure prejudice caused by a witness's death. See *Brannen v. State*, 274 Ga. 454, 457-458 (553 SE2d 813) (2001); *Nelloms*, supra, 274 Ga. 179. Under different facts, an offer by the prosecution to stipulate to a lost witness's testimony might negate any prejudice. Here, however, the impact upon the jury of the testimony of the lost witness depended largely on that witness's credibility and demeanor while testifying. A stipulation could not have the same effect. Here, as in *Hester*, supra, 268 Ga. App. at 100, "the prejudice is obvious," (citations, punctuation and footnote omitted) id., and the trial court abused its discretion by finding no prejudice.

5. *Balancing the factors*. A balancing of the speedy trial factors shows that three are weighted in Hardeman's favor and one — the assertion of the right — weighs against him. Even with respect to that one negative factor, the record shows that after Hardeman asserted his right, the case did not proceed expeditiously to trial. Nothing

indicates that the case was placed on a trial calendar. Rather, seven additional months passed before the trial court heard and ruled upon Hardeman's speedy trial claim. During that seven-month delay, Mosley died.

This is not a case in which the defendant waited until the eve of trial to assert his speedy trial claim. Compare *Brown v. State*, 277 Ga. App. 169, 172 (2) (c) (626 SE2d 128) (2006) (failure to file speedy trial demand until shortly before trial and 26 or 27 months after arrest weighted against defendant); *Beasley v. State*, 260 Ga. App. 74, 76 (c) (579 SE2d 19) (2003) (failure to assert demand until day of trial and 21 months after arrest weighted heavily against defendant). And our courts have sometimes approved the grant of speedy trial claims even when asserted after longer periods of time. See, e.g., *State v. Allgood*, 252 Ga. App. 638, 640 (3) (556 SE2d 857) (2001) (no abuse of discretion in granting motion to dismiss on speedy trial grounds even though not asserted for almost four years after arrest). Although the trial court did not err in weighting this factor against Hardeman, we cannot agree that it counterbalances the other factors, especially the prejudice caused by Mosley's death.

Our Supreme Court has held that "each case must be reviewed on its own facts." *Brannen*, supra, 274 Ga. at 458. Under the facts presented here, the trial court abused its discretion by denying Hardeman's motion to dismiss for violation of his constitutional right to a speedy trial. *Hester*, supra, 268 Ga. App. at 100-101.

*Judgment reversed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED JUNE 27, 2006 — 

*Brian Steel*, for appellant.

*Paul L. Howard, Jr., District Attorney, Shepard R. Orlow, Christopher M. Quinn, Assistant District Attorneys*, for appellee.