## A07A0187. ONI v. THE STATE.

(646 SE2d 312)

PHIPPS, Judge.

Adedamola Oni appeals the denial of his motion for discharge and acquittal on speedy trial grounds.[1] For reasons that follow, we affirm.

On February 18, 2003, Oni was indicted in the Superior Court of Fulton County on three counts of burglary and one count of theft by taking. He filed a statutory demand for speedy trial pursuant to OCGA § 17-7-170, and when trial had not occurred by July 2003, he moved for discharge and acquittal based on the demand. The trial court denied the motion, finding that Oni had waived the statutory demand through his conduct.

Oni appealed the trial court's ruling, and we affirmed.[2] On August 17, 2004, we issued our remittitur, which was filed in the trial court two days later and adopted as the judgment of the trial court on August 24, 2004. The case, however, did not appear on a trial calendar until late February 2006. On February 8, 2006, approximately 18 months after the remittitur, Oni filed a second motion for discharge and acquittal.

At the hearing on Oni's second motion, the prosecutor assigned to the case a few days after the remittitur was filed testified that within one day of her assignment, she asked the trial court's case manager to schedule the case for trial. The case did not appear on a calendar, and the prosecutor e-mailed the case manager on May 6, 2005, again requesting that the case be calendered for trial. The prosecutor eventually transferred to a different courtroom, and the case was reassigned. According to the prosecutor, trial delays of 12 to 24 months are "typical" given the heavy caseload in the county.

After hearing evidence and argument, the trial court denied Oni's second motion for discharge and acquittal. We find no error.

1. *Statutory Speedy Trial Claim.* Oni first argues that the state's failure to bring him to trial within one term following the remittitur violated his statutory speedy trial rights under OCGA § 17-7-170.[3] As previously found by both the trial court and this court, however, Oni *waived* his original statutory speedy trial demand, and he never

---

[1] See *Wimberly v. State*, 279 Ga. 65, n. 2 (608 SE2d 625) (2005) ("[A] criminal defendant may appeal directly from the pre-trial denial of either a constitutional or statutory speedy trial claim.").

[2] See *Oni v. State*, 268 Ga. App. 840, 842 (602 SE2d 859) (2004).

[3] See *Henry v. James*, 264 Ga. 527, 531 (1) (c) (449 SE2d 79) (1994) (pursuant to the statutory speedy trial requirements, "upon the filing of the remittitur from the appellate court by the clerk's office of the trial court, the [s]tate shall have the remainder of that term and one additional regular term of court in which to try the defendant pursuant to his demand for trial, provided there are juries impaneled and qualified to try the defendant").

sought to file another demand.[4] He thus has no valid demand on which to rely for his statutory claim.[5] Although he appears now to challenge the waiver finding, he cannot relitigate this issue, which was decided adversely to him in the prior appeal.[6] Accordingly, despite the delay following remittitur, Oni is not entitled to discharge and acquittal under OCGA § 17-7-170.

2. *Constitutional Speedy Trial Claim.* Oni also argues that the post-remittitur delay violated his constitutional right to a speedy trial. When ruling on such claim, a court must consider four factors: "(1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) the prejudice to the defendant."[7] These factors should be analyzed "together in a balancing test of the conduct of the prosecution and the defendant."[8] A trial court's decision regarding a constitutional speedy trial claim will not be reversed absent an abuse of discretion.[9]

(a) *Length of Delay.* Both parties focus on the 18-month delay between the remittitur and the filing of Oni's second motion for discharge and acquittal. The state concedes on appeal that this length of delay is presumptively prejudicial. The first factor, therefore, weighs against the state.[10]

(b) *Reason for the Delay.* The state asserts that it attempted to have the case placed on a trial calendar following the remittitur and did not intentionally delay the trial. It thus argues that this factor should not weigh against it. Clearly, however, the delay was not caused by Oni, and it apparently resulted from either a simple failure to schedule the case for trial or a crowded docket. Although this type of delay "is relatively neutral or benign, it still must be weighted

---

[4] See *Oni*, supra ("The trial court did not err in finding that Oni waived his speedy trial demand."); see also *Jones v. State*, 276 Ga. 171, 173 (575 SE2d 456) (2003) (waiver of a defendant's statutory speedy trial demand " 'may result from any act that shows a defendant affirmatively consented to passing the case until a later term' ").

[5] See *Doehling v. State*, 238 Ga. App. 293, 294 (518 SE2d 137) (1999) (following remittitur, state must comply with statutory speedy trial period only if a "valid demand for trial" exists). Compare *Henry*, supra at 527, 530 (1) (c) (statutory speedy trial demand remained in effect following remittitur from Supreme Court, which affirmed trial court's denial of motion for discharge and acquittal; although appeal involved defendant's statutory speedy trial demand, the issue was whether defendant had been denied equal protection, not whether defendant had waived his demand).

[6] See *Mann v. State*, 259 Ga. App. 553, 554 (2) (578 SE2d 238) (2003) ("Relitigation of issues previously decided on appeal is barred by res judicata.").

[7] *Nusser v. State*, 275 Ga. App. 896, 897 (622 SE2d 105) (2005) (citations and punctuation omitted).

[8] Id. (citation and punctuation omitted).

[9] Id.

[10] See id. ("As a general rule, any delay approaching a year raises a threshold presumption of prejudice.").

against the [s]tate since the ultimate responsibility for such circumstance rests with the government rather than with the defendant."[11] Simply put, the burden of bringing a case to trial falls primarily on the prosecutor and the court, not the defendant.[12] Accordingly, this factor also weighs against the state.[13]

(c) *Assertion of the Right.* As noted above, Oni waived his statutory demand for a speedy trial. He then waited 18 months after the remittitur to assert — for the first time — his constitutional speedy trial right. This delay in raising the speedy trial claim weighs against Oni, who was responsible for asserting the right.[14]

(d) *Prejudice.* In evaluating this factor, a court must consider three interests protected by the speedy trial right: "preventing oppressive pretrial incarceration, minimizing anxiety and concern of the defendant, and, most importantly, limiting the possibility that the defense will be impaired."[15] Oni was released on bond five hours after his arrest and thus has not been subject to oppressive pretrial incarceration.[16] He also presented no evidence of any specific anxiety or concern resulting from the delay.[17] He instead relies on the third consideration — prejudice to the defense.

Oni contends that two of his defense witnesses are "no longer available." At the hearing on his motion for discharge and acquittal, Oni offered evidence that subpoenas mailed to these two witnesses at their place of employment were returned marked "not deliverable as addressed[,] forwarding order expired." Oni presented no further evidence or testimony regarding his effort to find the witnesses. In response to Oni's prejudice argument, the state submitted evidence that it had located an updated address for the witnesses' employer through a computer search.

Oni "bears the burden of establishing prejudice due to the unavailability of a witness."[18] A witness generally is deemed "unavailable" only if the witness has died, has invoked a privilege, or "has not been located after a diligent search."[19] In this case, Oni has not established that he conducted any search for these witnesses, much less a diligent one. Defense counsel apparently mailed the subpoenas

---

[11] *Hardeman v. State*, 280 Ga. App. 168, 170 (2) (633 SE2d 595) (2006) (citations and punctuation omitted).

[12] See id.

[13] See id.

[14] See *Smith v. State*, 275 Ga. 261, 263 (564 SE2d 441) (2002); *Jackson v. State*, 272 Ga. 782, 787 (534 SE2d 796) (2000); *Hardeman*, supra at 170 (3).

[15] *Nelloms v. State*, 274 Ga. 179, 181 (549 SE2d 381) (2001).

[16] See id.

[17] See id.

[18] *Brannen v. State*, 262 Ga. App. 719, 721 (586 SE2d 383) (2003).

[19] Id. (punctuation and footnote omitted).

to the witnesses at the last address he had for their employer, then made no further effort to find them, despite an indication that the post office had — at least at one point — a forwarding address. In contrast, the state located an updated mailing address for the witnesses' employer through computer research. Oni thus has not shown that the witnesses are unavailable or that the delay has prejudiced his defense.[20]

(e) *Balancing the Factors*. Although two factors weigh against the state, one of those — the reason for the delay — is relatively benign. Moreover, two factors weigh against Oni, including a lack of prejudice to the defense. Under these circumstances, the trial court did not abuse its discretion in refusing to find a constitutional speedy trial violation.[21]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED MAY 10, 2007.

*Thomas M. West*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Tamara L. Ross, David Getachew-Smith, Assistant District Attorneys*, for appellee.

---

[20] See id. at 721-722.
[21] See *Smith*, supra at 264; *Nelloms*, supra; *Nusser*, supra.