A07A0943. BELL v. THE STATE.
(651 SE2d 218)

RUFFIN, Judge.
Terry Lincoln Bell appeals the denial of his motion to dismiss the indictment against him for an alleged violation of his right to a speedy trial under the United States and Georgia Constitutions. We affirm.

The record reveals that Bell was arrested on November 8, 2004. The grand jury returned an indictment against him on February 2, 2005, charging that he hijacked a motor vehicle and attempted to commit armed robbery. On March 8, 2005, Bell filed a pleading entitled "Consolidated Discovery Motion, General Demurrers, and Preliminary Motions to Suppress," which included a "notice" that he did not and had not waived any federal or state statutory or constitutional rights. On December 29, 2005, Bell filed his first request to file an out of time demand for speedy trial. Between December 29, 2005 and April 26, 2006, Bell filed seven constitutional demands for

a speedy trial. On May 10, 2006, Bell filed a motion to dismiss based upon the purported violation of his speedy trial rights. The trial court held a hearing on the motion to dismiss on September 1, 2006 and denied the motion on November 17, 2006.

The right of an accused to a speedy trial is guaranteed by both the Federal and Georgia Constitutions and attaches at the time of arrest or when formal charges are brought, whichever is earlier.[1] *Barker v. Wingo*[2] sets forth the four factors to be considered in determining whether an accused's rights to a speedy trial have been violated: length of the delay; reason for the delay; the defendant's assertion of his right to a speedy trial; and prejudice to the defense.[3] No one factor is regarded as either a necessary or sufficient condition to finding a violation of the right to speedy trial, but they are factors that must be considered in a test balancing the conduct of the State and the defense.[4] We remind the bench and the bar that "[w]e will not reverse a trial court's ruling on a constitutional speedy trial claim absent an abuse of discretion."[5]

*Length of delay.* The record shows that Bell was arrested on November 8, 2004. He filed his initial constitutional speedy trial claim approximately thirteen months later, and the trial court did not rule on that claim for another ten months. Approximately 24 months elapsed, therefore, between Bell's arrest and the denial of his speedy trial motion. As the State concedes and the trial court properly found, the delay here was presumptively prejudicial, triggering an analysis of the remaining three factors, because "[a]s a general rule, any delay approaching a year raises a threshold presumption of prejudice."[6]

*Reason for delay.* In its order, the trial court concluded that "[t]he State was unable to announce ready for trial because a material witness, the lead officer in the case, was unavailable by reason of being on active duty as a member of the armed forces of the United States and was serving in Iraq." At the hearing on Bell's motion to dismiss, Officer Heather VanKampen testified that she was on active duty for the Georgia Army National Guard from April 2, 2004 until June 4, 2006.[7]

Bell contends that VanKampen was not a necessary and material witness for the State. But we defer to the trial court's factual findings in analyzing a defendant's argument that he was denied his right to

---

[1] See *Boseman v. State*, 263 Ga. 730, 731 (1) (438 SE2d 626) (1994).

[2] 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972).

[3] See *Boseman*, supra.

[4] See id.

[5] *Hardeman v. State*, 280 Ga. App. 168, 169 (633 SE2d 595) (2006).

[6] *Nusser v. State*, 275 Ga. App. 896, 897 (622 SE2d 105) (2005).

[7] VanKampen returned home for a two-week leave in January 2006.

a speedy trial.[8] Here, VanKampen — who characterized herself as the "lead officer" in this case — responded to the armed robbery call, apprehended Bell, interviewed the victims, took witness statements, requested the showup, obtained the evidence and transported it to the police property room, and conducted a telephone interview of at least one witness. Giving deference to the trial court's findings of fact, we conclude that the trial court was authorized to conclude that VanKampen was a material and necessary witness and was unavailable for 14 months while Bell's case was pending.[9]

However, there is no explanation in the record for the remainder of the delay and, therefore, we must treat that portion "as caused by the negligence of the State in bringing the case to trial."[10] Nevertheless, because there is no evidence that the State intentionally delayed the trial to hamper the defense or otherwise engaged in dilatory tactics, we conclude that such was a "relatively benign" factor.[11]

*The defendant's assertion of his right to speedy trial.* Bell failed to file a timely statutory speedy trial demand, and he did not affirmatively assert his constitutional right to a speedy trial until December 29, 2005, ten months after his indictment and thirteen months after his arrest.[12] The trial court weighed this factor against Bell, relying upon *Herndon v. State.*[13] In that case, Herndon asserted his right to a speedy trial when he filed his motion to dismiss, nine months after he was indicted, and we concluded that the trial court was authorized to weigh the delay against him.[14] Bell maintains that because he made seven speedy trial demands before he filed his motion to dismiss, *Herndon* is distinguishable. Nevertheless, Bell waited 13 months after his arrest to file his initial assertion of his speedy trial rights, at which time the lead officer in the case was on active military duty. Thus, under the circumstances of this case, the trial court was authorized to weigh this delay against him.[15]

---

[8] See *Christian v. State*, 281 Ga. 474, 475-476 (2) (640 SE2d 21) (2007).

[9] See id.; OCGA § 17-8-31 (b) ("It shall be the duty of any judge of the courts of this state to continue any case in the court upon a showing by the state or the defendant that a material and necessary witness is unavailable by reason of being on active duty as a member of the National Guard or as a member of a reserve or active component of the armed forces of the United States.").

[10] *Boseman*, supra at 733 (1) (b).

[11] *Thomas v. State*, 274 Ga. 492, 494 (555 SE2d 693) (2001).

[12] We reject any argument that the single paragraph entitled "Notice of Non-Waiver of Rights" contained within his 15-page "Consolidated Discovery Motion, General Demurrers, and Preliminary Motions to Suppress" filed on March 8, 2005 constituted a sufficient *assertion* of Bell's constitutional right to a speedy trial.

[13] 277 Ga. App. 374 (626 SE2d 579) (2006).

[14] See id. at 378 (3).

[15] See *Jackson v. State*, 279 Ga. 449, 453 (3) (614 SE2d 781) (2005) (19-month delay between indictment and defendant's assertion of right to speedy trial weighs against him);

*Prejudice to the defendant.* " 'The test for whether a defendant has been prejudiced requires the court to consider three interests: preventing oppressive pretrial incarceration, minimizing a defendant's anxiety and concern, and limiting the possibility that the defense will be impaired.' "[16] The most important of these factors is whether the defense has been impaired by the delay.[17]

Unquestionably, Bell's two-year incarceration was burdensome.[18] To support his claim, Bell testified that he endured "horrible" living conditions in jail, including overcrowding, uncomfortable beds, lack of privacy and free time, exposure to fights between other inmates, and substandard meals. According to Bell, the conditions and the separation from his family caused him to be "depressed" and "agitated." But when, as here, the conditions are normal for jail and do not reflect sub-standard care, Bell's claims "fall short of establishing prejudice sufficient to satisfy the Sixth Amendment."[19] And, as Bell concedes, he has failed to show that his defense was specifically impaired.

Balancing the foregoing factors, particularly Bell's failure to show that the State's delay specifically impaired his defense, we conclude that the trial court did not abuse its discretion in denying Bell's motion to dismiss.[20]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED AUGUST 20, 2007 — 

*Glynn R. Stepp*, for appellant.

*Daniel J. Porter, District Attorney, Christa L. Kirk, Assistant District Attorney*, for appellee.

---

*Herndon v. State*, 277 Ga. App. 374, 378 (3) (626 SE2d 579) (2006); *Lopez v. State*, 267 Ga. App. 178, 183 (6) (598 SE2d 898) (2004) (no speedy trial violation where defendant failed to file speedy trial demand until 14 months after arrest); *Nairon v. State*, 215 Ga. App. 76, 77 (1) (c) (449 SE2d 634) (1994) (five-month delay between charge and assertion of speedy trial right weighs against claim).

[16] *Nusser*, supra at 900.

[17] See id.

[18] See *Jackson v. State*, 272 Ga. 782, 785 (534 SE2d 796) (2000).

[19] Id. at 786; see *Mullinax v. State*, 273 Ga. 756, 759 (2) (545 SE2d 891) (2001); *Boseman*, supra at 733.

[20] See *Mullinax*, supra at 759-760; *Jackson*, supra; *Oni v. State*, 285 Ga. App. 342, 345 (2) (e) (646 SE2d 312) (2007).