**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

HAROLD FORD,

*Defendant-Appellant.*

No. 11-5193

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(7:08-cr-00093-BR-1)

Argued: October 26, 2012

Decided: January 4, 2013

Before TRAXLER, Chief Judge, DIAZ, Circuit Judge, and
Catherine C. EAGLES, United States District Judge for the
Middle District of North Carolina, sitting by designation.

Affirmed by published opinion. Judge Eagles wrote the opinion, in which Chief Judge Traxler and Judge Diaz joined.

**COUNSEL**

**ARGUED:** James Edward Todd, Jr., OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Joshua L. Rogers, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

**OPINION**

EAGLES, District Judge:

A jury found Harold Ford guilty of being a felon in possession of a firearm. We reversed his conviction because of a post-trial change in law effected by *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), and remanded the case for further proceedings. *United States v. Ford* (*Ford I*), 447 F. App'x 484, 485 (4th Cir. 2011) (unpublished). Ford was again convicted, and he now appeals on double jeopardy grounds. Finding no error, we affirm.

I.

In September 2009, Ford was tried before a jury in the Eastern District of North Carolina on one count of unlawfully possessing a firearm, having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). J.A. 41-221. The government sought to introduce evidence of Ford's 2003 North Car-

olina conviction for the Class I felony of possession with intent to distribute marijuana. J.A. 139-140, 142. For that conviction, Ford was sentenced to 8-10 months in prison. J.A. 140. Under North Carolina's structured sentencing laws at the time, Ford's sentence could not have exceeded 12 months given his prior criminal record, even though a person whose prior record was more serious could have received a maximum sentence of up to 15 months. Ford objected that the 2003 conviction was inadmissible because it was not for a crime punishable by more than a year in prison, and therefore it could not serve as a predicate felony for the § 922(g)(1) charge. J.A. 140-43.

While Ford's objection had support in a Sixth Circuit case, *United States v. Pruitt*, 545 F.3d 416 (6th Cir. 2008), it was foreclosed by our decision in *United States v. Harp*, 406 F.3d 242, 246 (4th Cir. 2005), *overruled by Simmons*, 649 F.3d at 241. *Harp* made clear that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year, . . . we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." *Id.* (emphasis removed). The district court therefore allowed evidence of the conviction. J.A. 143. The government did not introduce evidence of any other convictions.

At the close of the government's case and again at the close of all evidence, Ford moved for a judgment of acquittal, each time asserting that the government had failed to prove he had a prior felony conviction prohibiting him from possessing a firearm. J.A. 156-57, 181. The district court denied both motions, reiterating that Ford's argument was foreclosed by Fourth Circuit precedent. J.A. 158, 181. The jury found Ford guilty, and the district court sentenced him to 78 months in prison. J.A. 6, 8.

Ford appealed. J.A. 9. We placed his appeal in abeyance pending an en banc decision in *Simmons*. J.A. 11. In *Sim-*

*mons*, we overruled *Harp* and sustained an argument similar to the one Ford had made before the district court. 649 F.3d at 247-48. Thereafter, in a per curiam opinion, we reversed Ford's § 922(g)(1) conviction and remanded the case to the district court for further proceedings. *Ford I*, 447 F. App'x at 484.

On remand, the government moved to retry Ford based on other previous convictions, each of which was for a crime indisputably punishable by more than a year in prison. J.A. 260.[1] The district court granted the motion, rejecting Ford's assertion that retrial would violate the Double Jeopardy Clause. J.A. 300. Ford entered a conditional guilty plea, preserving for appeal his double jeopardy argument, and the district court sentenced him to 27 months in prison. J.A. 346-51, 378. Ford timely appealed, J.A. 388, and we have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

## II.

Ford contends that in *Ford I* we reversed his conviction because the evidence was legally insufficient to support a guilty verdict, and that, like an acquittal, such a reversal bars retrial under the Double Jeopardy Clause of the Fifth Amendment. The Double Jeopardy Clause provides: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." We review de novo whether a defendant will be subject to double jeopardy by retrial on a criminal charge. *United States v. Goodine*, 400 F.3d 202, 206 (4th Cir. 2005).

---

[1]Ford was convicted in 1973 of aggravated assault and of assault with a deadly weapon inflicting serious injury. He was convicted in 1983 of selling controlled substances and of two counts of possession with intent to sell and deliver a controlled substance. J.A. 260.

A.

In general, the Double Jeopardy Clause "forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." *Burks v. United States*, 437 U.S. 1, 11 (1978). Thus, the Double Jeopardy Clause prohibits the retrying of a defendant whose conviction is "reversed by an appellate court solely for lack of sufficient evidence to sustain the jury's verdict." *Id.* at 2. On the other hand, the Double Jeopardy Clause "does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside . . . because of some error in the proceedings leading to conviction." *Lockhart v. Nelson*, 488 U.S. 33, 38, 40 (1988)(holding that "the Double Jeopardy Clause allows retrial when a reviewing court determines that a defendant's conviction must be reversed because evidence was erroneously admitted against him, and also concludes that without the inadmissible evidence there was insufficient evidence to support a conviction.")

We have held that when a conviction is reversed because of a post-trial change in law, a second trial is permitted. In *United States v. Ellyson*, 326 F.3d 522 (4th Cir. 2003), we considered the double jeopardy ramifications of such a reversal, concluding it was analogous to one for procedural error and therefore did not bar retrial. There, defendant Ellyson was tried on federal child pornography charges. *Id.* at 526. The district court instructed the jury that the government was required to prove that the pornographic materials in question either involved or appeared to involve minors. *Id.* After the jury returned a guilty verdict, Ellyson appealed, in relevant part contending that the "appeared to involve" prong of the instructions violated the First Amendment—an argument he conceded was contrary to existing Fourth Circuit precedent but was the law in the Ninth Circuit. *Id.* at 527. His appeal was held in abeyance until the Supreme Court decided *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002), which

invalidated the statute underlying the challenged instruction as overbroad. *Ellyson*, 326 F.3d at 527. Because we could not conclude that the jury's verdict was based solely on a finding that the pornographic materials actually involved minors, we set the verdict aside. *Id.* at 531. We then addressed the applicability of the retrial bar associated with reversals for insufficient evidence:

> [T]he double jeopardy concerns that preclude the government from having a second opportunity to build a case against a defendant when it failed to do so the first time are not present here. Any insufficiency in the proof was caused by the subsequent change in law under *Free Speech Coalition*, not the government's failure to muster evidence. . . . Similar reasoning [to that in *Lockhart*, 488 U.S. at 34, 42,] applies here. The government presented its evidence under the wrong standard, *i.e.*, it presented evidence correctly believing, based on the law at the time, that it was enough to prove the images "appeared" to depict minors. If the evidence in the record is insufficient to support a verdict under *Free Speech Coalition*, it is not because of the government's failure of proof but because of the changes brought by *Free Speech Coalition*.

*Id.* at 533-34. We held, therefore, that there was no double jeopardy bar to Ellyson's retrial. *Id.*[2]

Other circuits considering this issue agree that where a reviewing court determines that the evidence presented at trial

---

[2]We held, in the alternative, that there was sufficient evidence in the record to support a guilty verdict for Ellyson even under the revised legal standard. *Ellyson*, 326 F.3d at 534-35. Where a court makes alternative holdings to support its decision, each holding is binding precedent. *United States v. Fulks*, 454 F.3d 410, 434-35 (4th Cir. 2006) (citing *MacDonald, Sommer & Frates v. Yolo Cnty.*, 477 U.S. 340, 346 n.4 (1986)).

has been rendered insufficient only by a post-trial change in law, double jeopardy concerns do not preclude the government from retrying the defendant. *E.g.*, *United States v. Robison*, 505 F.3d 1208, 1225 (11th Cir. 2007); *United States v. Wacker*, 72 F.3d 1453, 1465 (10th Cir. 1996); *United States v. Weems*, 49 F.3d 528, 531 (9th Cir. 1995); *see also United States v. Bruno*, 661 F.3d 733, 742-43 & n.2 (2d Cir. 2011) (facing a similar issue and collecting cases, including *Ellyson*, but deciding the case on other grounds); *United States v. Green*, 139 F.3d 1002, 1004 (4th Cir. 1998) (holding that vacatur of a judgment based on a post-judgment change in law is "akin to a reversal for trial error").

### B.

Ford's double jeopardy argument fails in light of *Ellyson*. The *Harp* definition of "punishable by more than a year" was binding on the district court, notwithstanding the existence at the time of a Sixth Circuit decision similar to the decision later rendered in *Simmons*.[3] Ford's 2003 drug conviction was clearly admissible and sufficient under the *Harp* standard to qualify him as a felon, but it was clearly inadmissible and insufficient under the *Simmons* standard. Thus, the government, as in *Ellyson*, "presented evidence correctly believing, based on the law at the time, that it was enough to prove" that Ford was a felon. *See Ellyson*, 326 F.3d at 534. And just as in *Ellyson*, "[a]ny insufficiency in the proof" here "was caused by the subsequent change in the law" effected by *Simmons*, "not the government's failure to muster evidence" under the legal standard that existed as binding precedent at the time of the trial. *See Ellyson*, 326 F.3d at 534. The *Ford I* decision was therefore "akin to a reversal for trial error," *see Green*, 139 F.3d at 1004, and retrial did not run afoul of the Double Jeopardy Clause.

---

[3]*Simmons* itself rested heavily on a Supreme Court case postdating Ford's trial: *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010).

Ford attempts to distinguish *Ellyson* by noting that the *Ellyson* court explained why the change in law at issue there rendered jury instructions erroneous, whereas the *Ford I* court reversed because, as in *Burks*, the government did not present sufficient evidence. This contention is unavailing for at least two distinct reasons.

First, in *Ford I* we reversed Ford's conviction "[i]n view of our holding in *Simmons*" without commenting on evidentiary sufficiency or the government's alleged failure of proof. 447 F. App'x at 485.[4] We remanded for further proceedings, not for entry of a judgment of acquittal. *Id.*; *see, e.g.*, *United States v. Habegger*, 370 F.3d 441, 446 (4th Cir. 2004) (reversing for insufficient proof and remanding "with instructions to enter a judgment of acquittal"); *United States v. Grande*, 620 F.2d 1026, 1040 (4th Cir. 1980) (same); *see also Burks*, 437 U.S. at 10-11, 18 (explaining that the only just remedy available to an appellate court determining that the evidence presented at trial was legally insufficient is the direction of a judgment of acquittal).

Second, nothing in *Ellyson* or any of the cases from other circuits giving a change in law the same effect as a trial error for double jeopardy purposes suggests their reasoning or holdings are limited to the effect of a change in law on erroneous jury instructions. Indeed, our decision in *Ellyson*, by its reliance on the Supreme Court's reasoning in *Lockhart*, is implicitly to the contrary, 326 F.3d at 533-34, and the decisions by our sister circuits are explicitly to the contrary, *see Robison*, 505 F.3d at 1224-25 (holding that where the trial court made clear before and during trial it would rely on a definition of "navigable waters" later held to be incorrect, remand for a

---

[4]Ford asserted in his *Ford I* briefs that an "independent ground for reversal" was that the district court improperly instructed the jury regarding the definition of a crime punishable by more than a year. Brief for Appellant, *Ford I*, 447 F. App'x 484 (10-4176), 2010 WL 2867600, at *35 n.5.

new trial was appropriate because the government was deprived of "any incentive to present evidence that might have cured any resulting [evidentiary] insufficiency"); *accord Wacker*, 72 F.3d at 1465; *Weems*, 49 F.3d at 531.

## III.

Finding no error, we affirm the decision of the district court.

*AFFIRMED*