**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**November 2, 2016**

# In the Court of Appeals of Georgia

A16A1153. THE STATE v. BONAWITZ.

MCFADDEN, Judge.

The state appeals from the grant of Michael Bonawitz's motion for discharge and acquittal for a violation of his constitutional right to a speedy trial. See OCGA § 5-7-1 (a) (1) (authorizing the state to appeal from the dismissal of an indictment). Because the trial court did not commit reversible error in its analysis of the speedy trial claim under the applicable *Barker-Doggett* test, we affirm.

The record shows that Bonawitz was booked into prison on an aggravated assault charge on September 20, 2012. While in custody on that charge, it was determined that there was DNA evidence allegedly implicating him in an unrelated burglary that had occurred in 2006. On January 29, 2013, Bonawitz was indicted for

that burglary, and a grand jury arrest warrant was filed for Bonawitz on February 1, 2013.

Upon learning of the burglary charge, on June 10, 2014, Bonawitz filed a pro se motion for a production order, and proceeded to file numerous motions, demands, and letters with the superior court, indicating his desire to be brought to trial on that charge. On April 18, 2015, over two years after the burglary indictment, the superior court signed a production order mistakenly placing Bonawitz on a sentencing calendar for the still unresolved burglary charge. Bonawitz was not placed on the next available trial calendar in June 2015, and there was no available trial week in July or August of that year. On August 13, 2015, Bonawitz filed a motion for permission to file an out-of-time speedy trial demand. Thereafter, in September 2015, Jaaziel Fortilla, who had previously pled guilty to the 2006 home invasion underlying the burglary charge that had been brought against Bonawitz, died before Bonawitz was brought to trial. On September 18, 2015, Bonawitz filed a motion for discharge and acquittal of the burglary charge based on a violation of his constitutional right to a speedy trial; he did not assert a violation of his statutory right to a speedy trial. See OCGA §§ 17-7-170 to 17-7-172.

2

After a hearing on the motion, the trial court found that the delay in bringing Bonawitz to trial was presumptively prejudicial, that there was no credible excuse for the delay in the prosecution, that Bonawitz did not engineer the delay, that Bonawitz had timely asserted his right to a speedy trial in June 2014, and that there was prejudice to Bonawitz as a result of the delay. The court thus granted Bonawitz's motion for discharge and acquittal based on the state's failure to provide a constitutional speedy trial, and this appeal followed.

1. *Barker-Doggett analysis of speedy trial claims.*

Both the Sixth Amendment of the United States Constitution and the Georgia Constitution provide that a criminal defendant shall have the right to a speedy trial. *Brewington v. State*, 288 Ga. 520 (1) (705 SE2d 660) (2011); *Ruffin v. State*, 284 Ga. 52, 54 (2) (663 SE2d 189) (2008). The template for deciding all constitutional speedy trial claims is laid out in the cases of *Barker v. Wingo*, 407 U. S. 514 (92 SCt. 2182, 33 LE2d 101) (1972) and *Doggett v. United States*, 505 U. S. 647 (112 SCt. 2686, 120 LE2d 520) (1992). *Ruffin*, supra at 55 (2). The *Barker-Doggett* analysis has two stages.

First, the court must determine whether the interval from the accused's arrest, indictment, or other formal accusation to the trial is sufficiently

long to be considered presumptively prejudicial. If not, the speedy trial claim fails at the threshold. If, however, the delay has passed the point of presumptive prejudice, the court must proceed to the second step of the *Barker-Doggett* analysis, which requires the application of a delicate, context-sensitive, four-factor balancing test to determine whether the accused has been deprived of the right to a speedy trial.

*Ruffin*, supra (punctuation omitted). "These four factors are (i) whether the pretrial delay was uncommonly long; (ii) whether the government or the criminal defendant is more to blame for the delay; (iii) whether, in due course, the defendant asserted the right to a speedy trial; and (iv) whether the defendant suffered prejudice as a result of the delay." *State v. Johnson*, 325 Ga. App. 128, 129 (749 SE2d 828) (2013) (citation omitted).

The application of these principles to a particular case is a task committed principally to the discretion of the trial courts, and on appellate review, "we must accept the factual findings of the trial court unless they are clearly erroneous, and we must accept the ultimate conclusion of the trial court unless it amounts to an abuse of discretion, even though we might have reached a different conclusion were the issue committed to our discretion." *State v. Buckner*, 292 Ga. 390, 391 (738 SE2d 65) (2013) (citation omitted).

4

2. *Presumptive prejudice*.

We must first determine whether the trial court erred in finding that the delay in the instant case was presumptively prejudicial.

> The right to a speedy trial attaches at the time of arrest or formal accusation or indictment, whichever occurs first, and the courts measure the delay from the time the right attaches. A delay approaching one year is sufficient in most cases to raise a presumption of prejudice and to warrant a more searching inquiry.

*Buckner*, supra at 393 (2) (citations omitted). Here, the trial court found that the length of delay was in excess of two-and-a-half years from the date of indictment. The trial court held, and the state has acknowledged, that this delay was presumptively prejudicial. This finding was not erroneous and we therefore proceed to the four-factor balancing test.

3. *Barker-Doggett's four-factor balancing test.*

We note that the four factors set forth in the second part of the *Barker-Doggett* analysis are not an exhaustive list, they have no talismanic qualities, and no one factor is necessary for finding a deprivation of the right of speedy trial; rather, the factors "must be considered together with such other circumstances as may be relevant given

5

the animating principles behind the speedy trial guarantee." *Ruffin*, supra at 55-56 (2)

(b) (citations and punctuation omitted).

a. *Length of the delay*

With regard to this first length of delay factor, it has been explained that

> the length of the pretrial delay in absolute terms plays a role in the threshold determination of presumptive prejudice. However, it also wears another hat as one of the four interrelated criteria that must be weighed in the balance at the second stage of the *Barker-Doggett* analysis. It is important that trial courts not limit their consideration of the lengthiness of the pretrial delay to the threshold question of presumptive prejudice and remember to count it again as one of four criteria to be weighed in the balancing process at the second stage of the *Barker-Doggett* analysis. As the Supreme Court has explained, this latter enquiry is significant to the speedy trial analysis because the presumption that pretrial delay has prejudiced the accused intensifies over time. The uncommon length of the pretrial delay thus merits consideration beyond its use as a liminal screening mechanism. Recognizing that the four-year delay was uncommonly long, the trial court properly found that this factor favored appellant.

*Dillard v. State*, 297 Ga. 756, 760 (4) (778 SE2d 184) (2015) (citations and punctuation omitted). In considering this first factor, our Supreme Court has held that a delay of almost 27 months in a noncapital murder case is unusually long. *Ruffin*, supra at 58 (2) (b) (i). Likewise, the trial court here recognized that the two-and-a-half year delay was uncommonly long, and thus properly weighed it against the state. See

6

*Dillard*, supra at 761 (4); *Higgins v. State*, 308 Ga. App. 257, 260 (2) (a) (707 SE2d 523) (2011).

b. *Reason for the delay.*

The state argues that the trial court improperly blamed the state for the delay, since the trial judge was presented with court production orders for the purpose of bringing Bonawitz to court on April 2015 and July 2015. However, as the court noted, "[t]he district attorney, the clerk of court, and ultimately, the court are all responsible for ensuring that defendants are not neglected or ignored." Indeed,

> [t]he responsibility for bringing a defendant promptly to trial rests with the government, which includes all state actors, even trial and appellate court judges. The relevant inquiry for purposes of this factor is not whether the prosecutor or the accused bears more responsibility for the delay, but whether the *government* or the criminal defendant is more to blame for that delay.

*Over v. State*, 302 Ga. App 215, 217 (2) (690 SE2d 507) (2010) (citations and punctuation omitted; emphasis supplied). Here, the trial court was authorized to find that the government bears more responsibility for the delay in this case, and therefore this argument by the state is without merit.

The trial court further found that Bonawitz did nothing to engineer the delay. The trial court noted that Bonawitz was placed on a sentencing calendar on July 9,

7

2015, but noted that he was not present since he was returned to prison and thus found that he was likely added to the calendar by mistake.

The state argues that the court unfairly excused Bonawitz's dilatory tactics to secure a favorable plea. It is true that "delays caused by protracted plea negotiations should be counted at least partly against the defense." *Jenkins v. State*, 294 Ga. 506, 510, 755 S.E.2d 138 (2014). Bonawitz's letter to the clerk of the court is evidence of his desire to plead guilty, and he admitted at the hearing on the motion to dismiss that he rejected a plea deal that would have extended his sentence past his parole date. The record also indicates that Bonawitz's counsel applied for leave of court on two occasions, and that Bonawitz's counsel left for a vacation that caused a delay in the communication of the state's plea offer. Finally, the state argues that the case could only have been diverted to a sentencing calendar if Bonawitz's attorney had announced a guilty plea at calendar call. Once a guilty plea is announced at a calendar call, a case is transferred from a trial calendar to a sentencing calendar, which would have the effect of delaying the trial. The state argues that delay resulting from the transfer from a trial docket to a sentencing docket should therefore be attributed to Bonawitz.

In sum, the record shows that the pretrial delay in this case was partially attributable to Bonawitz, in light of his efforts to secure a better plea agreement and his attorney's unavailability during some of the plea negotiations. Nevertheless, a large part of the delay was attributable to the government. The state has offered no explanation for the delay between the indictment or the arraignment, and the court noted that there was no explanation as to why Bonawitz was not placed on calendar call on August 5, 2015, for the trial week of September 21, 2015. Bonawitz's numerous filings of letters and speedy trial demands also weigh against a finding that Bonawitz engineered the delay. Finally, the state has provided no undisputed evidence that Bonawitz engineered the delay by announcing a plea at calendar call. The trial court inferred that he was put on the call by mistake, and "we defer to the trial court's factual finding in analyzing a defendant's argument that he was denied his right to a speedy trial." *Bell v. State*, 287 Ga. App. 300, 301-302 (651 SE2d 218) (2007) (citations and footnote omitted). We find no error in the trial court's determinations as to the cause of the delay.

c. *Assertion of the right to a speedy trial.*

The trial court weighed the third factor against the state, noting that Bonawitz "first put the [s]tate on notice that he wanted his case to move forward in June 2014,

9

when he asked to be brought in to handle his case." The state, disregarding the pro se motion for production order in June 2014, argues that the trial court committed error in failing to consider the two year delay between the indictment and Bonawitz's first speedy trial demand, which was made on February 21, 2015. "In order to invoke the right, the accused need not file a formal motion[.]" *Ruffin*, 284 Ga. at 63 (citation and punctuation omitted). "The relevant question for purposes of the third *Barker-Doggett* factor is whether the accused has asserted the right to a speedy trial in due course." Id. The trial court's finding that Bonawitz put the state on notice in June 2014 was not error and authorized the court in weighing this factor against the state.

d. *Prejudice suffered as a result of the delay.*

The trial court considered the three types of prejudice associated with an unreasonable delay before trial, which are oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the defendant's defense will be impaired. *State v. Pickett*, 288 Ga. 674, 676 (c) (2) (706 SE2d 561) (2011). The trial court did not consider Bonawitz's pretrial incarceration, but that the delay caused Bonawitz great anxiety, as evidenced by Bonawitz's numerous filings, and that the

delay impaired Bonawitz's defense because a potentially important witness had died while Bonawitz waited to be brought to trial.

The state argues that the trial court erred by failing to assess whether the delay caused oppressive pretrial incarceration, by assessing the anxiety suffered by Bonawitz when no evidence was presented to support that he had suffered undue anxiety and by attributing Bonawitz's anxiety to the unresponsiveness of the state. Assuming without deciding that the trial court erred in his assessment of the anxiety suffered by Bonawitz and in his failure to consider Bonawitz's pretrial incarceration, we nevertheless find that the death of Fortilla, the potentially critical witness, was sufficient reason for the trial court to find that this factor weighed in favor of Bonawitz.

Of the three factors considered when examining whether a defendant has been prejudiced due to a delay "the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *State v. Pickett*, 288 Ga. 674, 677 (706 SE2d 561) (2011). The trial court found that "[t]he original investigation into this case led to the arrest and conviction of [Fortilla]. That individual died in early September 2015, causing [Bonawitz] prejudice in his case because of the loss of his testimony." The state argues that the trial court erred

in making the assumption that the witness would have been a favorable witness to Bonawitz and that the court ignored the DNA evidence that would have lessened the importance of the witness' testimony.

In order to show "prejudice due to the unavailability of a witness, [Bonawitz] must show that the missing witness could supply material evidence for the defense." *Torres v. State*, 270 Ga. 79, 80-81 (2) (508 SE2d 171) (1998) (citations omitted). Here, Bonawitz has shown such prejudice because the deceased witness took sole responsibility for the crime. "To be sure, the death of a critical defense witness or destruction of tangible evidence highly favorable to the defendant would figure prominently in any evaluation of the fourth factor, and it would weigh heavily in favor of finding a violation of the defendant's constitutional right to a speedy trial." *Ruffin*, 284 Ga. at 64. "If witnesses die or disappear during a delay, the prejudice is obvious." *State v. Redding*, 274 Ga. 831, 834 (561 SE2d 79) (2002) (citation omitted). Thus, the trial court was authorized to find that Bonawitz suffered prejudice to his defense.

Having weighed all of the *Barker-Doggett* factors, we conclude that the trial court did not abuse his discretion in its balancing of the factors and finding that Bonawitz was denied his constitutional right to a speedy trial.

12

*Judgment affirmed. Miller, P. J., and McMillian, J., concur.*