**FOURTH DIVISION**
**DILLARD, C. J.,**
**DOYLE, P. J., and MERCIER, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 18, 2018**

# In the Court of Appeals of Georgia

A18A0255. LEVIN v. THE STATE.

MERCIER, Judge.

Following the reversal of his convictions for kidnapping with bodily injury, aggravated assault, possession of a firearm during the commission of a crime, and making harassing phone calls, Gregory Levin appeals the denial of his motion in autrefois convict (double jeopardy) in connection with the kidnapping charge, the denial of his motion to dismiss the indictment (on constitutional speedy trial grounds) regarding all of the charges, and the denial of his motion to recuse or disqualify a judge. For the reasons that follow, we affirm.

The complicated procedural history of this case is, for the most part, set out in the opinion in *Levin v. State*, 334 Ga. App. 71 (778 SE2d 238) (2015). (Additional details will be added as needed.)

In 1994, Gregory A. Levin was tried by a jury [in the Superior Court of Douglas County] and convicted of kidnapping with bodily injury, two counts of aggravated assault, burglary, cruelty to children, aggravated battery, possession of a firearm during the commission of a crime, and making harassing phone calls. The trial court merged the aggravated battery conviction into the kidnapping with bodily injury conviction and sentenced Levin to a total of life plus 48 years in confinement.[1] Levin appealed, and this Court reversed his conviction for making harassing telephone calls based on an improper verdict form, and his convictions for aggravated assault and possession of a firearm based on erroneous jury charges. *Levin v. State*, 222 Ga. App. 123, 126-127 (5), (6) (473 SE2d 582) (1996).

In 2014 [in a habeas corpus appeal], the Supreme Court of Georgia reversed Levin's conviction for kidnapping with bodily injury and vacated his life sentence based on the State's failure to satisfy the asportation requirement as set forth in *Garza v. State*, 284 Ga. 696 (670 SE2d 73) (2008). *Levin v. Morales*, 295 Ga. 781 (764 SE2d 145) (2014).

---

[1]The trial court imposed the following sentences: Count 1- Kidnapping with bodily injury - Life; Count 2- Aggravated assault - 20 years, consecutive; Count 3 - Burglary - 20 years, consecutive; Count 4 - Simple assault (as lesser included offense of Cruelty to children) - 12 months, consecutive; Count 5 - Simple assault (as lesser included offense of Aggravated assault) - 12 months, consecutive; Count 6 - Aggravated battery - merged into Count 1; Count 7 - Possession of a firearm during the commission of a crime - 5 years, consecutive; and Count 8 - Making harassing phone calls - 12 months, consecutive. The acts alleged in Counts 1 through 7 were committed on or about August 13, 1993; the acts alleged in Count 8 were committed on or about April 21 and April 22, 1993.

The Court also noted that the aggravated battery conviction had been merged into the kidnapping conviction and ordered, "[n]ow that the kidnapping conviction has been reversed, on remand the trial court will need to revisit sentencing [Levin] on the conviction for aggravated battery." Id. at 784.

On remand, the trial court conducted a resentencing hearing and on the day of the hearing, Levin filed a plea in bar on double jeopardy grounds, seeking dismissal of the aggravated battery count of the indictment. The trial court denied the plea in bar, and sentenced Levin to 20 years in confinement for the aggravated battery conviction.

*Levin v. State*, 334 Ga. App. 71, 71-72 (778 SE2d 238) (2015) (footnotes omitted).[2]

Levin appealed the trial court's denial of his plea in bar (double jeopardy) on the aggravated battery conviction and the order imposing the new sentence on that charge. Id. This Court affirmed the trial court's decision. Id. The remittitur in that case was filed in the Superior Court of Douglas County on February 22, 2016.

On December 21, 2016, Levin was re-arraigned on the charges of kidnapping with bodily injury, aggravated assault, possession of a firearm during the commission of a crime, and making harassing phone calls. The same day, he filed the motion in

---

[2] The underlying facts of this case are also set out in *Levin v. State*, 334 Ga. App. at 72-73. A recitation of the facts is unnecessary for a resolution of the issues presented in this appeal.

autrefois convict, a plea in bar/motion to dismiss on constitutional speedy trial grounds, and a motion for disqualification and/or recusal of the judge. This appeal is from the orders denying Levin's motions.

1. Levin contends that the trial court erred in denying his motion in autrefois convict concerning the kidnapping with bodily injury charge. He asserts that because the Supreme Court of Georgia reversed his conviction on that charge based on insufficiency of the evidence, double jeopardy bars retrial. We disagree.

It is true that "once a reviewing court reverses a conviction solely for insufficiency of the evidence to sustain the jury's verdict of guilty, double jeopardy bars retrial." *Green v. State*, 291 Ga. 287, 288 (1) (728 SE2d 668) (2012). This principle, however, does not squarely answer the issue presented here, which is: where a reviewing court determines that the evidence presented at trial has been rendered insufficient *only by a post-trial change in law*, does double jeopardy preclude the government from retrying the defendant?

As set out above, Levin's 1994 conviction for kidnapping with bodily injury was affirmed. *Levin v. State*, 222 Ga. App. 123. Then, in Levin's 2012 habeas corpus appeal, *Levin v. Morales*, 295 Ga. 781, the Supreme Court reversed the kidnapping with bodily injury conviction and vacated the sentence entered thereon, finding that

4

there was insufficient evidence of asportation under *Garza v. State*, 284 Ga. 696, 702 (1) (670 SE2d 73) (2008) (establishing new factors for assessing the asportation element of Georgia's pre-2009 kidnapping statute). *Levin v. Morales*, 295 Ga. at 783-784. In denying Levin's motion in autrefois, the trial court concluded that the reversal of the kidnapping with bodily injury conviction was based on a post-trial change in the law and thus did not implicate double jeopardy principles.

The parties point to, and we find, no binding authority precisely on point. In fact, the question appears to be an "open" one under Georgia law. See *Levin v. State*, 334 Ga. App. at 75 (2), citing *Levin v. Morales*, 295 Ga. at 784-786 (Blackwell, J., concurring). In his concurrence in *Levin v. Morales*, Justice Blackwell wrote the following:

> I write separately only to note some uncertainty in our law about the extent to which Gregory A. Levin and others like him may be retried, their convictions having been set aside on habeas or appeal. When a conviction is set aside for a mere trial error — inaccurate jury instructions, for instance, or the admission of inadmissible evidence — the State generally is permitted a retrial, and the constitutional prohibition of double jeopardy does not preclude it. See *State v. Caffee*, 291 Ga. 31, 34 (3) (728 SE2d 171) (2012). When a conviction is set aside, however, upon the failure of the State to have adduced evidence legally sufficient to sustain the conviction, the constitutional prohibition of double

5

jeopardy ordinarily bars a retrial. See *Burks v. United States*, 437 U. S. 1 (98 SCt 2141, 57 LE2d 1) (1978). See also *Green v. State*, 291 Ga. 287, 288 (1) (728 SE2d 668) (2012); *Prater v. State*, 273 Ga. 477, 481 (4) (545 SE2d 864) (2001). Today, we hold that the State failed to present evidence legally sufficient to sustain the conviction of Levin for kidnapping, and on that basis, we direct that his conviction must be set aside. If this were an ordinary sufficiency case, our decision would preclude a retrial. But it might not be so ordinary.

*Levin v. Morales*, 295 Ga. at 784. Justice Blackwell explained that when the State tried Levin for kidnapping with bodily injury in 1994, before *Garza* was decided, the prosecuting attorneys had no reason to know that anything more than slight movement would be necessary to prove asportation, and that:

When the State can know what proof the law requires, but fails to offer such proof at trial, the State ought not have another chance to convict the accused. But when the State relies on a longstanding and settled understanding of the law, and it offers evidence sufficient to carry its burden consistent with that understanding — only to have that understanding suddenly upended years later by an appellate court undertaking a course correction — it is not so clear that the State should be denied a second chance.

*Levin v. Morales*, 295 Ga. at 785. In his concurrence, Justice Blackwell cited cases from other jurisdictions that hold:

6

where a reviewing court determines that the evidence presented at trial has been rendered insufficient only by a post-trial change in law, double jeopardy concerns do not preclude the government from retrying the defendant. *United States v. Ford*, 703 F3d 708, 711 (II) (A) (4th Cir. 2013) (citations omitted). See also *United States v. Wacker*, 72 F3d 1453, 1465 (II) (A) (10th Cir. 1996); *United States v. Weems*, 49 F3d 528, 531 (II) (9th Cir. 1995); *State v. Liberty*, 370 SW3d 537, 554 (IV) (Mo. 2012); *State v. Drupals*, 306 Conn. 149, 49 A3d 962, 976, n. 12 (Conn. 2012).

*Levin v. Morales*, 295 Ga. at 785-786. Justice Blackwell concluded that the Court was not required to resolve the issue at that time, though, inasmuch as the prosecuting attorneys in Levin's case may "not prefer to retry him." Id. at 786. The issue must now be resolved.

While this Court is not bound by decisions of the Eleventh Circuit construing federal law, those decisions are persuasive authority. *Perez v. State*, 283 Ga. 196, 198, 199 (657 SE2d 846) (2008). In *United States v. Robison*, 505 F3d 1208 (11th Cir. 2007), where there was a post-trial change in the definition of a key element of a criminal offense, the Eleventh Circuit held that the definition used in the defendant's trial was no longer good law and it reversed his convictions, but it held that the

7

government could retry the defendant under the correct standard. Id. at 1215-1216 (II) (A), 1224-1225 (II) (E), 1229.

Other circuits have reached the same result. In *United States v. Ford*, 703 F3d 708, 711 (II) (A) (4th Cir. 2013), which cited *Robison* and found that double jeopardy did not bar retrying Ford after his conviction was reversed for insufficient evidence because of a post-trial change in the law, the court pointed out that:

> [o]ther circuits considering the issue agree that where a reviewing court determines that the evidence presented at trial has been rendered insufficient only by a post-trial change in law, double jeopardy concerns do not preclude the government from retrying the defendant. E.g., *United States v. Robison*, 505 F.3d [at 1225]; *United States v. Wacker*, 72 F.3d 1453, 1465 (10th Cir. 1996); *United States v. Weems*, 49 F.3d 528, 531 (9th Cir. 1995); see also *United States v. Bruno*, 661 F.3d 733, 742-43 & n.2 (2d Cir. 2011) (facing a similar issue and collecting cases, including [*United States v.*] *Ellyson* [326 F.3d 522 (4th Cir. 2003)], but deciding the case on other grounds); *United States v. Green*, 139 F.3d 1002, 1004 (4th Cir. 1998) (holding that vacatur of a judgment based on a post-judgment change in law is "akin to a reversal for trial error").

In *Ford*, the Fourth Circuit court quoted with approval the following reasoning:

> [T]he double jeopardy concerns that preclude the government from having a second opportunity to build a case against a defendant when it failed to do so the first time are not present here. Any insufficiency in the

8

proof was caused by the subsequent change in law . . . , not the government's failure to muster evidence. Similar reasoning to that in *Lockhart* [*v. Nelson*, 488 U. S. 33, 34, 42 (109 S.Ct. 285, 102 LE2d 265) (1988)], applies here. The government presented its evidence under the wrong standard, i.e., it presented evidence correctly believing, based on the law at the time, that it was enough to prove the images "appeared" to depict minors. If the evidence in the record is insufficient to support a verdict under [a later-decided case], it is not because of the government's failure of proof but because of the changes brought by [the later-decided case].

*Ford*, supra at 711 (II) (A) (punctuation omitted). We find that reasoning sound. Applying it in the case before us, we hold that the trial court did not err by denying Levin's motion for autrefois convict.

2. Levin contends that the trial court erred by denying his motion to dismiss the indictment when his constitutional right to a speedy trial was violated. We find no abuse of discretion.

"Constitutional speedy trial claims are evaluated under the two-part framework set out in *Barker v. Wingo*, 407 U. S. 514 (92 SCt 2182, 33 LE2d 101) (1972), and *Doggett v. United States*, 505 U. S. 647 (112 SCt 2686, 120 LE2d 520) (1992). See

9

*Ruffin v. State*, 284 Ga. 52 (2) (663 SE2d 189) (2008)." *Leslie v. State*, 301 Ga. 882, 885 (2) (b) (804 SE2d 351) (2017).

> As for the first tier of the analysis, it must be determined if the delay in question is presumptively prejudicial. If not, there has been no violation of the constitutional right to a speedy trial and the second tier of analysis is unnecessary. See *Barker v. Wingo*, 407 U. S. at 530[.] If, however, the delay is determined to be presumptively prejudicial, then the court must engage the second tier of analysis by applying a four-factor balancing test to the facts of the case. Those four factors include: (1) whether the delay is uncommonly long; (2) reason for delay/whether the government or the defendant is more responsible; (3) defendant's assertion of the right to a speedy trial; and (4) the prejudice to the defendant.

*Rafi v. State*, 289 Ga. 716, 717 (2) (715 SE2d 113) (2011) (citations and punctuation omitted). "[W]e must accept the factual findings of the trial court unless they are clearly erroneous, and we must accept the ultimate conclusion of the trial court unless it amounts to an abuse of discretion." *Leslie*, supra; see *Rafi*, supra.

Because the kidnapping with bodily injury charge and the remaining charges (aggravated assault, possession of a firearm during the commission of a crime, and making harassing phone calls) were reversed at different times and thus involve two

10

different time periods with respect to the speedy trial issue, we will consider Levin's speedy trial contentions in two parts.

**(a)** ***Kidnapping with bodily injury***

(i) *Threshold inquiry*

In connection with the right to a speedy trial, the court measures the delay from the time the right attaches. *State v. Bonawitz*, 339 Ga. App. 299, 301 (2) (793 SE2d 191) (2016). Where, as here, there has been an appeal or a dismissal of the charges and a subsequent re-indictment, the court measures the delay from the filing of the remittitur in the trial court. See *Oni v. State*, 285 Ga. App. 342, 343 (2) (646 SE2d 312) (2007). In this case, the remittitur of the habeas decision was received in the Superior Court of Douglas County in November 2014. On January 14, 2015, Levin was resentenced on the aggravated battery conviction that had previously merged with the kidnapping with bodily injury conviction. He filed a notice of appeal on February 13, 2015 regarding the resentencing, at which time the superior court lost jurisdiction of the case. See *Chambers v. State*, 262 Ga. 200, 201 (1) (415 SE2d 643) (1992). Remittitur from that appeal was received in the superior court on February 22, 2016. Thus, the State was able to retry Levin on the kidnapping with bodily injury charge from November 12, 2014 through February 13, 2015, and again from February 22,

11

2016 through December 21, 2016 (when Levin filed his motion for plea in bar), which period totaled approximately 13 months. A delay of one year is sufficient to raise the presumption of prejudice and to warrant a more searching inquiry. *Ruffin v. State*, 284 Ga. 52, 55 (2) (a) (663 SE2d 189) (2008). Because the delay in this case was more than one year, it was presumptively prejudicial, and the trial court did not err in so finding. See generally *State v. Porter*, 288 Ga. 524, 527 (2) (705 SE2d 636) (2011).

(ii) *The Barker factors*

(A) *Whether the delay was uncommonly long.* "[A] delay is considered uncommonly long under the test to the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *Taylor v. State*, 338 Ga. App. 804, 807 (1) (a) (792 SE2d 101) (2016) (citation omitted). The trial court found that the delay of just over a year was not uncommonly long. It did not abuse its discretion in making this finding and in weighing this factor against Levin. See generally *Rafi*, supra at 717-718 (2); compare *Bonawitz*, supra at 302 (3) (a).

(B) *Reasons for the delay.* The trial court found that the State's failure to retry Levin on the kidnapping with bodily injury charge before December 21, 2016 was not due to a deliberate attempt to hinder the defense, but was attributable to its docket and other priorities, and that Levin's filing of an appeal of the resentencing also contributed

12

to the delay. The court did not err in weighing this factor equally against the State and Levin. See generally *Smith v. State*, 338 Ga. App. 62, 69-70 (1) (b) (705 SE2d 636) (2016).

(C) *Defendant's assertion of the right*. "While the state has a duty to bring the defendant to [a] speedy trial, the defendant has a responsibility to assert that right." *Nusser v. State*, 275 Ga. App. 896, 898 (622 SE2d 105) (2005) (citation and punctuation omitted). "The relevant question for purposes of the third speedy trial factor is whether the accused has asserted the right to a speedy trial 'in due course.' This factor requires a close examination of the procedural history of the case with particular attention to the timing, form, and vigor of the accused's demands to be tried immediately." *Leslie*, supra at 886 (2) (iii) (citations and punctuation omitted).

The trial court found that Levin did not take affirmative steps to demand retrial or move for the kidnapping with bodily injury charge to be dismissed until approximately 11 months after that conviction was vacated.

Levin argues that the trial court failed to consider various factors related to his failure to promptly assert his right to a speedy trial (e.g., he was without counsel for some of the relevant time period, he was incarcerated, he believed a speedy trial demand had been made, and he believed he would not be retried). But Justice

13

Blackwell's concurrence in Levin's habeas case (decided in 2014) indicated that the question of whether the State could retry Levin on the kidnapping with bodily injury charge was not settled. See *Levin v. Morales*, 295 Ga. at 785-786. And, at the resentencing hearing (for aggravated battery) in January 2015, the State announced that it was *not* dismissing the remaining charges and that, if the resentencing outcome was unfavorable, it would pursue retrial on those charges. However, Levin did not file his plea in bar on speedy trial grounds on the kidnapping charge until December 21, 2016. The trial court found that the demand was not made in due course and that Levin's failure to assert the right earlier weighed against him. See generally *Nusser*, supra. The trial court did not clearly err in so weighing this factor.

(D) *Prejudice to the defendant*. Finding that Levin failed to show any prejudice resulting from the delay between the filing of the remittitur and the filing of his plea in bar, the trial court weighed this factor against Levin. We find no error here, either.

> The test for whether a defendant has been prejudiced requires the court to consider three interests: preventing oppressive pretrial incarceration, minimizing a defendant's anxiety and concern, and limiting the possibility that the defense will be impaired. The most important component of the prejudice analysis is whether the defendant's ability to raise a defense was impaired by the delay.

*Nusser*, supra at 900 (citations and punctuation omitted).

The trial court found that the delay did not cause oppressive pretrial incarceration because Levin was already serving a lengthy prison sentence for his convictions on aggravated battery and other charges, and Levin made no showing that the delay caused any unusual anxiety or concern or that his defense was impaired by the delay. The trial court did not err by weighing this factor against Levin. See *Marshall v. State*, 286 Ga. 446, 447 (1) (d) (689 SE2d 283) (2010).

**(b)** *Aggravated assault, possession of a firearm during the commission of a felony, and making harassing phone calls*

(i) *Threshold inquiry*

The remittitur for the direct appeal on these charges was filed in the trial court on July 30, 1996. With the exception of the time period from February 13, 2015 to February 22, 2016 (when the Douglas County court lacked jurisdiction), the delay of approximately 19 years was presumptively prejudicial. See generally *Porter*, supra.

(ii) *The Barker factors*

15

(A) *Whether the delay was uncommonly long*. The trial court did not err in finding that the delay of approximately 19 years was uncommonly long and in weighing this factor against the State. See *Bonawitz*, supra.

(B) *Reasons for the Delay.* The trial court's finding that Levin did nothing that affirmatively prevented the State from bringing him to trial on these charges was not clearly erroneous, and the court did not err in weighing this factor against the State. See generally *Franklin v. State*, 305 Ga. App. 354, 359-360 (1) (b) (699 SE2d 575) (2010).

(C) *Defendant's assertion of the right.* Applying the same analysis to these charges as it did the kidnapping with bodily injury charge, the trial court found that Levin did not take affirmative steps to be retried or move for these charges to be dismissed on speedy trial grounds until 2015,[3] which was approximately 19 years after the convictions were reversed in *Levin v. State*, 222 Ga. App. at 126-127 (5), (6). The 1996 opinion in the direct appeal stated that these convictions were being reversed

---

[3] Levin first filed a plea in bar on constitutional speedy trial grounds as to these charges in January 2015. Levin filed a second plea in bar on speedy trial grounds regarding these charges in December 2016. His appeal is from the denial of the second plea in bar.

16

based on trial errors, which put Levin on notice that retrial would not be barred on double jeopardy grounds. See generally *Caffee*, supra.

Levin asserts that the trial court abused its discretion in not considering the mitigating factors presented during the hearing on the plea in bar (e.g., that he was not represented by counsel for an extended period of time, that his lengthy incarceration made it difficult to assert a speedy trial demand, that he believed that a statutory speedy trial demand made before the first trial was valid, and that the State represented that it would not retry him).

"We have acknowledged that the weight to be attributed to this factor *may* be mitigated in some cases, and whether the circumstances of a particular case warrant any mitigation is a question committed to the sound discretion of the trial court." *State v. Buckner*, 292 Ga. 390, 397 (3) (c) (738 SE2d 65) (2013) (citations omitted; emphasis supplied); *State v. Alexander*, 295 Ga. 154, 159 (2) (c) (758 SE2d 289) (2014). Levin cites no authority holding that the trial court was *required* to consider the above-cited factors in mitigation, that it was required to include an analysis of such factors in its written order, or that a trial court abuses its discretion when it fails to do either. See generally *Taylor v. State*, 338 Ga. App. 804, 810 (1) (c) (792 SE2d 101)

17

(2016). Thus, Levin has not shown that the trial court's finding was clearly erroneous or that the court abused its discretion in weighing this factor against him.

(D) *Prejudice to the defendant.* From 1996 (when his convictions for aggravated assault, possession of a firearm during the commission of a crime, and making harassing phone calls were reversed) until 2014, Levin remained convicted of and was serving a life sentence for kidnapping with bodily injury. He also remained convicted on one count of burglary and two counts of simple assault, for which he was sentenced to 20 years (consecutive) and 24 months (consecutive), respectively. At the time of the resentencing hearing in January 2015, Levin was serving the 20-year burglary sentence and the 24-month simple assault sentences; he had been in custody since 1993. At the time of the March 2017 hearing on the plea in bar, Levin was serving the 20-year sentence imposed in January 2015 for the aggravated battery conviction. Under the circumstances, Levin did not demonstrate "any prejudice resulting from the delay, beyond the normal levels of anxiety and concern present in any criminal case." *Marshall*, supra. The trial court did not clearly err in its finding and did not abuse its discretion in weighing this factor against Levin.

In sum, in balancing the four *Barker* factors, the trial court concluded that the relevant factors weighed more heavily against Levin.

18

> Perhaps some other judge might have balanced the factors differently, but that is not the standard of appellate review. The balancing undertaken by the trial court was reasoned and reasonable — especially in light of its findings [regarding] prejudice — and for that reason, we cannot say that it amounts to an abuse of discretion.

*Buckner*, supra at 399 (3) (e) (citation omitted). The trial court did not err by denying Levin's motion for discharge and acquittal on constitutional speedy trial grounds. See generally *Taylor*, supra at 812-813 (1) (e); *Smith v. State*, 336 Ga. App. 229, 236 (2) (c) (784 SE2d 76) (2016); *Nairon v. State*, 215 Ga. App. 76 (1) (449 SE2d 634) (1994).

3. Levin contends that the trial court erred by denying his motion to disqualify or recuse the judge in his case. He asserts that because he filed a writ of mandamus against the judge for failing to timely dispose of the charges that were reversed in *Levin v. State*, 222 Ga. App. at 126, the judge's impartiality might reasonably be questioned.

Motions to recuse or disqualify a judge are governed by Uniform Superior Court Rule 25 et seq. In sum, USCR 25.1 pertinently requires that the motion be accompanied by an affidavit, and that the motion be filed and presented to the judge within a specified number of days, unless good cause is shown for the failure to meet the time requirements. USCR 25.2 sets forth the required contents of the affidavit.

19

USCR 25.3 pertinently provides that when a judge is presented with a motion to recuse or disqualify, accompanied by an affidavit, the judge shall immediately determine the timeliness of the motion and whether recusal would be warranted; if it finds that the motion is timely, that the affidavit is sufficient and that recusal would be warranted, another judge shall be assigned to hear the motion to recuse.

"If all three conditions precedent set forth in USCR 25.3 are not met, the trial judge shall deny the motion on its face as insufficient." *Penland v. Corlew*, 248 Ga. App. 564, 568 (2) (547 SE2d 306) (2001) (citations, punctuation and emphasis omitted). This Court reviews the denial of a motion to recuse for abuse of discretion. See *In re Longino*, 281 Ga. App. 599, 602 (2) (636 SE2d 683) (2006).

In this case, the trial court found that the conditions precedent had not been met, as the motion was untimely, was not properly presented to the court, and was not accompanied by an affidavit. The record supports the trial court's findings, and Levin has shown no abuse of discretion. See *Long v. State*, 324 Ga. App. 882, 895 (5) (752 SE2d 54) (2013) (because the motion to recuse was untimely, the trial court did not err by denying it); see generally *Baptiste v. State*, 229 Ga. App. 691, 697 (494 SE2d 530) (1997) (noting that even when the defendant sued the trial judge in connection

with the case before the judge, such suit did not provide grounds for recusal as it was not a statutory ground for recusal).

*Judgment affirmed. Dillard, C. J., and Doyle, P. J., concur.*