**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4259**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HAROLD HALL, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:14-cr-00629-JFA-1)

Submitted:  November 20, 2018                    Decided:  December 3, 2018

Before WILKINSON, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William N. Epps, III, EPPS, EPPS & PERKINS, Anderson, South Carolina, for Appellant.  Sherri A. Lydon, United States Attorney, Benjamin Neale Garner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Harold Hall, Jr. of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012); possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a) (2012); and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2012). The district court sentenced Hall to 360 months of imprisonment and he timely appealed. On appeal, Hall challenged the district court's admission of his prior convictions for possession of marijuana and possession with intent to distribute marijuana and raised several sentencing issues. We determined that the district court had erroneously admitted evidence of Hall's prior convictions under Fed. R. Crim. P. 404(b) and that the error was not harmless, and therefore declined to reach Hall's remaining claims. *United States v. Hall*, 858 F.3d 254 (4th Cir. 2017). We thus reversed the district court's decision to admit the prior convictions, vacated Hall's convictions, and remanded to the district court for proceedings consistent with the opinion. *Id.* at 288.

On remand, the Government obtained superseding indictments charging Hall with conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846 (2012), and again charging Hall with the original three counts. Hall moved to dismiss the latter three counts, asserting that the Double Jeopardy Clause barred his retrial on those counts because this court had determined that there was insufficient evidence to support those convictions. The district court disagreed and denied Hall's motion. The court later determined that it had the authority to review the sufficiency of the evidence, discounting the improperly-admitted convictions, and concluded that there was sufficient evidence of

2

Hall's guilt of the offenses to preclude entering a judgment of acquittal for Hall. The court thus ordered that a retrial be scheduled. Hall appealed, challenging the court's denial of his motion on double jeopardy grounds and the court's interpretation of this court's mandate.

On appeal, Hall first argues that this court determined in the prior opinion that there was insufficient evidence to demonstrate his possession of the marijuana and the firearms and, therefore, he may not be retried on those charges. "We review de novo whether a defendant will be subject to double jeopardy by retrial on a criminal charge." *United States v. Ford*, 703 F.3d 708, 710 (4th Cir. 2013). "The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." *Burks v. United States*, 437 U.S. 1, 11 (1978). Therefore, when a defendant's conviction has been reversed on appeal "solely for lack of sufficient evidence to sustain the jury's verdict," the Double Jeopardy Clause prohibits retrial. *Ford*, 703 F.3d at 710 (internal quotation marks omitted). This is so because "[a] reversal based on the legal insufficiency of evidence is, in effect, a determination that the government's case was so lacking that the trial court should have entered a judgment of acquittal rather than submitting the case to the jury." *United States v. Akpi*, 26 F.3d 24, 25 (4th Cir. 1994).

However, "the Double Jeopardy Clause allows retrial when a reviewing court determines that a defendant's conviction must be reversed because evidence was erroneously admitted against him, and also concludes that without the inadmissible evidence there was insufficient evidence to support a conviction." *Lockhart v. Nelson*,

3

488 U.S. 33, 38, 40 (1988). Double jeopardy concerns do not apply to the retrial of a defendant whose conviction was overturned on appeal but where all the evidence, including that erroneously admitted, would have been sufficient to sustain the guilty verdict because, had the erroneously-admitted evidence been properly excluded, the government would have had the opportunity to offer evidence sufficient to satisfy its burden. *Id.* at 34, 42; *see also United States v. Ellyson*, 326 F.3d 522, 534 (4th Cir. 2003) (if evidence properly excluded at trial, government could have presented other evidence to meet burden of proof). Therefore, in determining whether there was sufficient evidence to support a conviction, a reviewing court must consider all the evidence at the trial, including the erroneously-admitted evidence. *Lockhart*, 488 U.S. at 40-42.

Here, we did not previously determine that there was insufficient evidence to support the convictions. Initially, Hall did not raise that issue in his prior appeal. While Hall's failure to raise the issue would not foreclose our consideration thereof, our prior ruling was confined to the Rule 404(b) issue. Our observations regarding the quantum of evidence offered by the Government on the possession element were made in the context of analyzing whether the admission of Hall's prior convictions was improper and whether any such error was harmless. We did not undertake a separate, sua sponte analysis of the sufficiency of the evidence. *Cf. United States v. Simpson*, 910 F.2d 154, 156-59 (4th Cir. 1990) (finding trial court abused its discretion in admitting evidence and error was not harmless, but rejecting defendant's claim that evidence was insufficient to support the convictions). In addition, our prior opinion merely vacated the convictions and remanded to the district court for further proceedings; it did not direct a judgment of acquittal for

4

Hall based on insufficiency of the evidence. *See Burks*, 437 U.S. at 17-18 (where appellate court finds "evidence legally insufficient, the only 'just' remedy available for that court is the direction of a judgment of acquittal"). The district court did not err, therefore, in concluding that retrial of Hall on the vacated convictions would not violate the prohibition against double jeopardy.

Hall next argues that the district court contravened this court's mandate in considering whether there was sufficient evidence without the evidence of his prior convictions and determining that there was. "We review de novo the district court's interpretation of the mandate." *United States v. Susi*, 674 F.3d 278, 283 (4th Cir. 2012). "The mandate rule governs what issues the lower court is permitted to consider on remand—it is bound to carry out the mandate of the higher court, but may not reconsider issues the mandate laid to rest." *Id.* Therefore, the mandate rule forecloses relitigation of issues expressly or impliedly decided by the appellate court. *Id.*

Hall's assertion that the district court misconstrued this court's mandate is based upon his assertion that we held in the prior opinion that there was insufficient evidence to support the convictions. As we did not so hold in the prior opinion, the district court did not incorrectly interpret the mandate.

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*

5