310 Ga. 725
FINAL COPY

S20G0528.   JEFFERSON v. THE STATE.

ELLINGTON, Justice.

A Fayette County jury found Ted Jefferson guilty of kidnapping, two counts of armed robbery, and other offenses, and the trial court sentenced him to life plus five consecutive years in prison. Jefferson filed a motion for a new trial, and the trial court granted the motion in part, finding that the evidence was insufficient to support Jefferson's convictions for armed robbery. The trial court denied the motion as to the remaining convictions. Jefferson then timely filed a direct appeal, which the Court of Appeals dismissed. In dismissing the appeal, the Court of Appeals reasoned that the order partially granting Jefferson's motion for a new trial left the case pending in the trial court and that it was, therefore, a non-final order that could be appealed only through the interlocutory appeal process. This Court granted certiorari to consider whether

the Court of Appeals err[ed] in its determination that the trial court's order on Jefferson's motion for new trial, which granted Jefferson's motion with regard to two counts of armed robbery due to insufficiency of the evidence but denied Jefferson's motion as to all remaining counts, was not a final judgment that could be immediately appealed under OCGA § 5-6-34 (a) (1)?

We answer this question in the affirmative because, as more fully explained below, the trial court's order on Jefferson's motion for a new trial left no part of the case pending for trial court resolution and was, therefore, final within the meaning of OCGA § 5-6-34 (a).[1] Thus, the trial court's order was directly appealable. Consequently, we vacate the dismissal order and remand the case to the Court of Appeals.

The facts relevant to the question before us are undisputed. During the hearing on Jefferson's motion for a new trial, the State conceded that the evidence presented at trial was legally insufficient to sustain Jefferson's armed robbery convictions. The trial court

---

[1] OCGA § 5-6-34 (a) (1) provides, in relevant part, that "[a]ppeals may be taken to the . . . Court of Appeals from the following judgments and rulings of the superior courts . . . [:] All final judgments, that is to say, where the case is no longer pending in the court below[.]"

2

agreed, and entered an order expressly vacating those convictions on insufficiency of evidence grounds. The trial court also denied Jefferson's motion as to his remaining convictions, finding that Jefferson's arguments with respect to those convictions lacked merit.

Although the trial court "granted" Jefferson's motion as to the armed robbery convictions, the State is legally barred from retrying Jefferson on those counts given the court's rationale for its decision. "[O]nce a reviewing court reverses a conviction solely for insufficiency of the evidence to sustain the jury's verdict of guilty, double jeopardy bars retrial." *Hall v. State*, 244 Ga. 86, 93 (5) (259 SE2d 41) (1979) (citing *Burks v. United States*, 437 U. S. 1, 16-17 (III) (98 SCt 2141, 57 LE2d 1) (1978)). See also *Green v. State*, 291 Ga. 287, 288 (1) (728 SE2d 668) (2012) (same). Compare *Prather v. State*, 303 Ga. App. 374, 376 (1) (693 SE2d 546) (2010) ("As a general rule, a post-conviction reversal or grant of a motion for new trial which is not based on insufficiency of the evidence does not preclude retrial." (citation and punctuation omitted)).

Only in rare circumstances not present here might a retrial be possible following a judicial determination that the evidence presented in support of the crimes charged was insufficient. If, for example, the trial court had decided that the evidence was legally insufficient only because of a change in the substantive law after trial, then perhaps a retrial might be possible. Although this Court has yet to decide such a case, the Court of Appeals and other courts have determined that double jeopardy concerns do not preclude the State from retrying a defendant when the evidence presented at trial is rendered insufficient only by a post-trial change in law. See *Levin v. State*, 346 Ga. App. 340, 342-344 (1) (816 SE2d 170) (2018), cert. denied Mar. 4, 2019. See also *Levin v. Morales*, 295 Ga. 781, 785 (764 SE2d 145) (2014) (Blackwell, J., concurring.). Because no such holding was made below and the State does not suggest that this narrow exception would apply in this case, the trial court's conclusion that the evidence was insufficient to support a conviction on either of the armed robbery counts of the indictment renders its decision with respect to those counts final, as Jefferson may not be

retried on those counts.

Further, we note that the Court of Appeals' reliance on *State v. Ware*, 282 Ga. 676 (653 SE2d 21) (2007), for the proposition that the trial court's order was not final was misplaced. *Ware* did not address whether a defendant may bring a direct appeal when a new trial is granted in part on insufficiency of evidence grounds. Rather, the State appealed from an order granting the defendant a new trial on all counts on ineffective assistance of counsel grounds. We held that former OCGA § 5-7-2, governing appeals by the State, did not permit a direct appeal from a judgment granting a motion for a new trial because the judgment was not final and "OCGA § 5-7-2 plainly requires a certificate of immediate review in any criminal case where the State appeals from a non-final order, decision, or judgment, except for those cases which involve a motion for suppression of evidence." *Ware*, 282 Ga. at 677.[2] Finally, although

---

[2] *Ware* was based on a previous version of OCGA § 5-7-2, which was amended in 2011 to specifically allow the State to appeal directly from an order granting a motion for new trial. See Ga. L. 2011, p. 612, § 1. That Code section now provides that, "[f]or purposes of this Code section, the granting of a motion

we do not reach Jefferson's alternative argument that an appellate court may retain jurisdiction of an appeal even when *viable* counts of an indictment remain pending in the trial court, we note that the case law upon which Jefferson relies did not clearly present such a situation but, rather, appears to have presented the situation in the instant case.[3]

*Judgment vacated and case remanded. All the Justices concur.*

DECIDED FEBRUARY 1, 2021.
Certiorari to the Court of Appeals of Georgia.
*Zell & Zell, Rodney S. Zell*, for appellant.
*Marie G. Broder, District Attorney, Elizabeth A. Baker, B. Ashton Fallin, Assistant District Attorneys*, for appellee.

---

for new trial or an extraordinary motion for new trial shall be considered a final order." OCGA § 5-7-2 (c).

[3] In each of the cases from this Court cited by Jefferson, the trial court denied the motion for a new trial as to murder charges but granted the motion, apparently on insufficiency of evidence grounds, with respect to another count. See *Moore v. State*, 305 Ga. 251, 251 n.1 (824 SE2d 377) (2019) (criminal street gang activity count set aside by trial court); *Wilson v. State*, 301 Ga. 83, 83 n.1 (799 SE2d 757) (2017) (evidence insufficient on financial transaction card fraud count).